**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. _____ |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| DOE 1 d/b/a ZemTV, Does 2-4, | § | |
| individually and together d/b/a | § | |
| *www.tvaddons.ag*, *www.tvaddons.org*, and | § | |
| *www.streamingboxes.com*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Defendant Doe 1 d/b/a ZemTV and Does 2-4 individually and together d/b/a/ *www.tvaddons.ag*, *www.tvaddons.org*, and *www.streamingboxes.com*, and states as follows:

### Nature of the Action

1.       DISH brings this suit for copyright infringement to stop the ZemTV service's unlawful retransmissions of television channels exclusively licensed to DISH throughout the United States.  The ZemTV service is retransmitting these channels over the Internet to end-users that download the ZemTV add-on for the Kodi media player, which is available for download at the websites *www.tvaddons.ag* and *www.tvaddons.org*.  Defendants profit from this scheme by encouraging ZemTV add-on users to make donations through Amazon or using PayPal at the site *www.streamingboxes.com*.  DISH has not authorized Defendants to retransmit these channels or received any compensation from Defendants.

## Parties

2.      DISH is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3.      Defendant Doe 1 (the "Developer") d/b/a ZemTV is an individual or entity that developed the ZemTV add-on and manages and operates the ZemTV service.  Developer uses the aliases "Shani" and "Shani_08" to communicate with users of the ZemTV service.  DISH believes that discovery will identify Developer and enable DISH to amend the complaint to list Developer by name.

4.      Defendants Does 2-4 (the "Website Operators," and together with Developer, "Defendants") are individuals or entities that operate the websites *www.tvaddons.ag*, *www.tvaddons.org*, and *www.streamingboxes.com*.  DISH believes that discovery will identify Website Operators and enable DISH to amend the complaint to list them by name.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*.

6.      Personal jurisdiction over Defendants is proper in this Court because they have marketed, made available, and distributed the ZemTV service and ZemTV add-on to consumers in the State of Texas and the Southern District of Texas, resulting in the unauthorized retransmission of channels exclusively licensed to DISH and causing injury to DISH in this State and in this District.  In the alternative, personal jurisdiction is proper pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure because this Court's exercise of jurisdiction over Defendants is consistent with the Constitution and laws of the United States, DISH's claims arise under federal

564bb7706cf9f0d5

law, Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state, and Defendants' retransmission occurred in the United States, including the state of Texas.

7.        Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District.  Venue is also appropriate in this Court under 28 U.S.C. § 1400(a) because this case asserts claims relating to the protection of copyrighted works, as well as 28 U.S.C. § 1391(c)(3) to the extent any of the Defendants are nonresidents that may be sued in any judicial district.

## DISH's Copyrights

8.        DISH is the fourth largest pay-television provider in the United States and delivers copyrighted programming to millions of subscribers nationwide by means of satellite and over-the-top delivery ("OTT") services whereby programming is delivered using a public Internet infrastructure.  DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

9.        DISH contracts for and purchases exclusive rights for various international channels distributed on its platform from networks and their agents.

10.        Pursuant to written agreements, DISH has the exclusive right to distribute and publicly perform in the United States the works that air on the Aaj Tak, Aastha Bhajan, Aastha TV, ARY Digital, ARY News, B4U Movies, B4U Music, Dunya TV, Express Entertainment, Express News, Geo News, Geo TV, Hum Masala, Hum Sitaray, Hum TV, India Today (Headlines Today), Movies OK, Sahara One, Sahara Samay, Times Now, and Zoom channels (collectively, the "Protected Channels") by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet.  The written agreements were in effect at all relevant times and are

currently in effect.  The licensors of the Protected Channels acquire copyrights in the works that air on their respective channels, including by producing works and by assignment.

**Defendants' Wrongful Conduct**

11.	Developer created the ZemTV add-on and manages and operates the ZemTV service.  Upon information and belief, Developer: selects and locates the channels that are retransmitted on the ZemTV service; updates and posts new versions of the ZemTV add-on on *www.tvaddons.ag* and *www.tvaddons.org*; captures live broadcast signals of the Protected Channels outside the United States; transcodes these signals into a format useful for streaming over the Internet; and then uploads and transfers the transcoded content to computer servers that are controlled and maintained by Developer.

12.	Developer is unlawfully retransmitting the Protected Channels to ZemTV customers in the United States.  The Protected Channels were observed during testing of the ZemTV service.  The Protected Channels are also identified in the user interface that viewers navigate when accessing content on the ZemTV service through the ZemTV add-on, and on social media pages believed to be operated by Defendants and associated with the ZemTV service.  The ZemTV service provides the Protected Channels through OTT delivery.

13.	To access the ZemTV service, end-users must download the ZemTV add-on for their Kodi media player.  The ZemTV add-on is available for download at *www.tvaddons.ag* or *www.tvaddons.org*.  The ZemTV add-on is free to download, but Website Operators encourage end-users to make "donations" through Amazon or using PayPal at *www.streamingboxes.com*.  Developer advises ZemTV customers that the sources of the works retransmitted on the ZemTV service "are bound to go down, taken away, be secured and [have] maintenance issues so [the

ZemTV service] is not guaranteed [to] run 24/7; for that you would need [a] proper TV subscription."

14.     DISH sent numerous notices of infringement to Internet service providers associated with the ZemTV service requesting the removal of the Protected Channels.  Upon information and belief, these notices of infringement were forwarded to Developer.  Even when Developer's Internet service providers removed unauthorized content or terminated Developer's accounts, Developer intentionally interfered with DISH's takedown efforts by, for example, retransmitting the Protected Channels using different Internet service providers or the same service providers with different servers or different Uniform Resource Locators ("URLs").

## Claims for Relief

## Count I

### Direct Copyright Infringement Under 17 U.S.C. § 501 Against Defendant Doe 1

15.     DISH repeats and realleges the allegations in paragraphs 1-14.

16.     Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

17.     The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter.  DISH's copyrights in these programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored and first published.  Because the programs that make up the Protected Channels are non-United States works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.  17 U.S.C. §§ 101, 411.

18.     Developer distributes and publicly performs the copyrighted programs that air on the Protected Channels to users throughout the United States via the ZemTV service, in violation of DISH's exclusive rights under 17 U.S.C. § 106.  DISH has not authorized Developer to distribute or publicly perform these programs in any manner.

19.     Developer is directly infringing DISH's copyrights in violation of 17 U.S.C. § 501. Each infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

20.     Developer's acts are willful, malicious, intentional, purposeful, and in disregard of and with indifference to DISH's rights.

21.     Unless enjoined by the Court, Developer will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## Count II

### Contributory / Inducing Copyright Infringement Under 17 U.S.C. § 501 Against Defendants Does 2-4

22.     DISH repeats and realleges the allegations in paragraphs 1-14.

23.     Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

24.     The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter.  DISH's copyrights in these programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored

and first published.  Because the programs that make up the Protected Channels are non-United States works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.  17 U.S.C. §§ 101, 411.

25.     As stated above, Developer is infringing DISH's copyrights in programs that air on the Protected Channels by acting as the source that retransmits that programming to users of the ZemTV service.

26.     Website Operators have actual or constructive knowledge of this infringing activity and materially contribute to that activity by providing the forum where the ZemTV add-on can be downloaded and soliciting and accepting donations from ZemTV users.  But for the availability of the ZemTV add-on at *www.tvaddons.ag* or *www.tvaddons.org*, most if not all of Developer's distribution and/or public performance would not occur.  These acts facilitate access to the programs retransmitted without authorization on the ZemTV service.

27.     Website Operators also engage in purposeful conduct that intentionally induces ZemTV users to display the programs, obtained without authorization, on the Protected Channels through the ZemTV service.  Among other things, Website Operators make the ZemTV add-on available for download on their websites with the object of promoting and encouraging its use to view copyrighted television programs, including programs that air on the Protected Channels. Website Operators are also believed to induce and encourage Developer to retransmit popular television programs, including those that air on the Protected Channels through the ZemTV service, thereby violating DISH's exclusive rights.

28.     Website Operators are contributing to and inducing infringement of DISH's copyrights in violation of 17 U.S.C. § 501.  The infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

29.     Website Operators' acts are willful, malicious, intentional, purposeful, and in disregard of and with indifference to DISH's rights.

30.     Unless enjoined by the Court, Website Operators will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## Count III

### Vicarious Copyright Infringement Under 17 U.S.C. § 501 Against Defendant Does 2-4

31.     DISH repeats and realleges the allegations in paragraphs 1-14.

32.     Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

33.     The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter.  DISH's copyrights in these programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored and first published.  Because the programs that make up the Protected Channels are non-United States works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.  17 U.S.C. §§ 101, 411.

34.     As stated above, Developer is infringing DISH's copyrights in programs that air on the Protected Channels by acting as the source that retransmits that programming to users of the ZemTV service.

35.     Website Operators have the legal right and actual ability to supervise and control this infringing activity because Website Operators make the ZemTV add-on, which is necessary

to access the ZemTV service, available for download on their websites.  Website Operators refuse to take any action to stop the infringement of DISH's exclusive rights in the programs transmitted through the ZemTV service.

36.     Website Operators receive a direct financial benefit from having copyrighted programs that air on the Protected Channels distributed and publicly performed on the ZemTV service.  The availability of this programming attracts and draws users to ZemTV, resulting in donations from ZemTV users to Website Operators.

37.     Website Operators are vicariously infringing DISH's copyrights in violation of 17 U.S.C. § 501.  The infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

38.     Website Operators' acts are willful, malicious, intentional, purposeful, and in disregard of and with indifference to DISH's rights.

39.     Unless enjoined by the Court, Website Operators will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

**Prayer for Relief**

WHEREFORE, DISH prays for judgment against Defendants as follows:

A.     For permanent injunctive relief restraining and enjoining Defendants and their employees, agents, representatives, attorneys, and all persons that are acting in concert or participation with them, from:

1.     retransmitting, streaming, distributing or publicly performing in the United States, by means of the ZemTV service, ZemTV add-on or any other device or process, the Protected Channels or the programming that comprises the Protected Channels;

9

      2.      distributing, providing, or promoting any product or service, including the ZemTV service and ZemTV add-on, that comprises the whole or part of a network or service for the distribution or public performance of the Protected Channels or the programming that comprises the Protected Channels; and

      3.      advertising, displaying, or marketing the ZemTV service or ZemTV add-on in connection with the Protected Channels or the programming that comprises the Protected Channels.

B.      For infringement of registered works, maximum statutory damages in the amount of $150,000 per registered work infringed under 17 U.S.C. § 504(c), or, alternatively, DISH's actual damages and Defendants' profits that are attributable to the violations alleged herein pursuant to 17 U.S.C. § 504(b).

C.      For infringement of unregistered works, an award of DISH's actual damages and Defendants' profits that are attributable to the violations alleged herein of each unregistered work pursuant to 17 U.S.C. § 504(b).

D.      For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

E.      For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

F.      For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

G.      For such additional relief as the Court deems just and equitable.

Dated:  May 30, 2017

Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: s/ Stephen M. Ferguson

Stephen M. Ferguson (attorney-in-charge)
Texas Bar No. 24035248
Southern District of Texas Bar No. 614706
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**

11