**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>Plaintiff,<br>v.<br><br>DOE 1 d/b/a ZemTV, Does 2-4, individually and together d/b/a *www.tvaddons.ag*, *www.tvaddons.org*, and *www.streamingboxes.com*,<br><br>Defendants. | Civil Action No. 4:17-cv-01618 |

**Plaintiff DISH Network L.L.C.'s Motion for Extension of Time to Serve**

In accordance with Federal Rules of Civil Procedure 4(m) and 6(b), Plaintiff DISH Network L.L.C. ("DISH") requests a 90-day extension of time to serve process on Does 1-4 ("Defendants").

### I.   Nature of the Proceeding

DISH filed this suit on May 30, 2017 based on the ZemTV service's unlawful retransmission of certain television channels over which DISH holds exclusive United States distribution and public performance rights. The ZemTV service retransmitted these channels over the Internet to end-users in the United States who downloaded the ZemTV add-on for the Kodi media player. Defendants used at least thirteen third parties to promote, manage, and operate the ZemTV service and distribute the ZemTV add-on, including Twitter, Inc., Google, Inc., Facebook, Inc., PayPal, Inc., Amazon.com, Inc., CloudFlare, Inc., GitHub, Inc., Hosting Services, Inc., Dynamic Network Services, Inc., Online SAS, iomart Hosting Ltd., UK-2 Ltd., and Contabo GmbH.

On June 19, 2017, the Court granted DISH's motion for leave to conduct expedited discovery and issued four letters of request, seeking the identity of the third parties' customers – the Defendants in this case. (Dkt. 6, 6-1, 6-2, 6-3, 6-4.) DISH commenced service of nine subpoenas and four letters of request on the above third parties on June 20, 2017. (Declaration of Stephen Ferguson ["Ferguson Decl."] ¶¶2-3.) Seven of the third parties produced documents and information responsive to the subpoenas or letters of requests. (*Id.* at ¶4.) The identity of the Defendants is not clear based on their production. (*Id.*) And despite meet and confer efforts and follow up requests, six of the third parties have not produced documents and information responsive to the subpoenas or letters of request. (*Id.* at ¶5.) DISH requests a 90-day extension of time to identify and serve process on Defendants.

## II.     Statement of the Issue

The issue to be decided is whether DISH has shown good cause to extend the time for service and whether a 90-day extension is reasonable. Fed. R. Civ. P. 4(m).

## III.     Argument and Authorities

**A.     Good cause exists to grant DISH's extension of time to serve Defendants.**

Federal Rule of Civil Procedure 4(m) requires the Court to extend the time for service if DISH shows good cause.[1] *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (noting that if good cause is shown, courts "shall extend the time for service for an appropriate period") (quoting Fed. R. Civ. P. 4(m)). To establish good cause, DISH need only demonstrate "as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* Even in the absence of good cause, a

---

[1] DISH Network has 90 after the complaint is filed, until August 28, 2017, in order to effectuate service upon Defendants. Fed. R. Civ. P. 4(m).

district court has discretion to extend the time for service of process. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Millan v. USAA Gen. Indem. Co.,* 546 F.3d 321, 325 (5th Cir. 2008)).

Courts consistently find good cause to extend the time for service where a plaintiff is awaiting discovery from third parties to identify Doe defendants. *See, e.g., Manley v. State of Louisiana*, No. Civ. A. 00-1939, 2001 WL 506175, at *1 (E.D. La. May 11, 2001) (extending time to identify and serve doe defendants until two weeks after plaintiff deposed two police officers); *In re Bit Torrent Copyright Infringement Cases*, No. 12-1188, 2013 WL 501443, at *8 (C.D. Ill. Feb. 11, 2013) (extending time to serve doe defendants because "service cannot be effected until the ISPs provide Plaintiffs with the names and addresses of the remaining John Does."); *IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2011 WL 772909, at *2 (N.D. Cal. Mar. 1, 2011) (extending time to serve a doe defendant because plaintiff needed to take additional third party discovery to identify the defendant); *Malibu Media, LLC v. Doe*, No. 1:14-cv-493, 2015 WL 268995, at *6 (S.D. Ohio Jan. 21, 2015) (extending time to serve a doe defendant who filed a motion to quash the plaintiff's third party subpoena); *Bah v. Little*, No. 1:13-cv-2571, 2014 WL 4230095, at *5 (N.D. Ga. Aug. 26, 2014) (extending time to serve doe defendants because plaintiffs may be able to determine their identity after discovery commences). DISH needs additional time to confer with the third parties and obtain their production, identify all Defendants, amend the complaint, and have Defendants served.[2]  (Ferguson Decl. ¶7.) Accordingly, there is good cause to grant DISH an extension of time to serve Defendants with process.

---

[2] Recently, DISH became aware of a legal proceeding in Canada against Adam Lackman, doing business as Tvaddons.ag. The statement of claim alleges that "Adam Lackman owns and operates the TVAddons website," which Adam Lackman denies. *Bell Canada et al. v. Adam Lackman*, T-800-17 (Canada Federal Court, Court at Montreal, Quebec June 2, 2017), Dkt. 1 at ¶24, Dkt. 30 at ¶8.  The subpoena and letter of request responses received do not identify Adam Lackman as the

## B.     A 90-day extension of time to serve Defendants is reasonable.

A 90-day extension is reasonable for several reasons.  First, three of the outstanding responses are for letters of request to be served by the Central Authority of the United Kingdom, France, and Germany, under The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555 ("Hague Convention").  (*Se*e Dkt. 6-1, 6-2, 6-4.)   The letters of request were delivered to the appropriate Central Authorities on July 5 and July 10, 2017.  (Ferguson Decl. ¶¶3, 5(c-e).)  DISH has not received confirmation that the letters of request were served on the third parties.  (*Id.* at ¶5(c-e).)  Second, it is unclear whether some of the third parties intend to produce documents and information in response to the subpoenas or letters of request or whether DISH will be required to seek assistance to compel their production.  (*See id.*)  Third, based on the IP addresses produced to date, it appears that Defendant Doe 1 is located in the United Kingdom and may also require service pursuant to the Hague Convention.  (*Id.* at ¶4.)  Therefore, a 90-day extension is reasonable.

## IV.     Conclusion

For the foregoing reasons, the Court should grant DISH a 90-day extension of time to serve process on Defendants.

Dated:  August 25, 2017

                                              Respectfully submitted,

                                              **HAGAN NOLL & BOYLE LLC**

                                          By: s/ Stephen M. Ferguson
                                                 Stephen M. Ferguson (attorney-in-charge)
                                                 Texas Bar No. 24035248
                                                 Southern District of Texas Bar No. 614706
                                                 Two Memorial City Plaza

---

owner or operator of the Tvaddons.ag website.  As a matter of judicial efficiency, DISH seeks to obtain the outstanding document production and information pertaining to all Defendants prior to amending the complaint and serving the Defendants. (Ferguson Decl. ¶6.)

820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**

5