UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., § <br> § <br> Plaintiff, § <br> v. § <br> § <br> DOE 1 d/b/a ZemTV, Does 2-4, § <br> individually and together d/b/a § <br> *www.tvaddons.ag*, *www.tvaddons.org*, and § <br> *www.streamingboxes.com*, § <br> § <br> Defendants. § <br> § | Civil Action No. 4:17-cv-01618 |

**Declaration of Stephen Ferguson**

I, Stephen Ferguson, of Houston, Texas, declare as follows:

1. I am admitted to practice in Texas, and an attorney with the firm of Hagan Noll & Boyle LLC ("HNB"), counsel for Plaintiff DISH Network L.L.C. ("DISH"). I make this declaration based on personal knowledge and, if called on to testify, would testify competently as stated herein. This declaration is made in support of DISH's motion for extension of time to serve.

2. On June 20, 2017, I issued and pursuant to my direction a paralegal of HNB sent nine subpoenas out for service to Twitter, Inc., Google, Inc., Facebook, Inc., PayPal, Inc., Amazon.com, Inc., CloudFlare, Inc., GitHub, Inc., Hosting Services, Inc., and Dynamic Network Services, Inc. I also emailed Dynamic Network Services, Inc. and Hosting Services, Inc. a copy of their subpoena on June 20.

3. On June 20, 2017, I emailed copies of four Court issued letters of request to Online SAS, iomart Hosting Ltd., UK-2 Ltd., and Contabo GmbH. (*See* Dkt. 6-1, 6-2, 6-3, 6-4.) Pursuant to my direction, a paralegal of HNB sent the letters of request for iomart Hosting Ltd. and UK-2 Ltd. to the appropriate Central Authorities by international registered mail on June 21. And pursuant to my direction, a paralegal of HNB sent the letters of request for Online SAS and

Contabo GMBH with translated copies to the appropriate Central Authorities by international registered mail on June 23.

4.      DISH received documents and information responsive to the subpoenas or letters of request from Twitter, Inc., Google, Inc., PayPal, Inc., CloudFlare, Inc., GitHub, Inc., Hosting Services, Inc., and UK-2 Ltd.  I reviewed the documents and information received from these third parties and the identity of the Defendants is not clear from their production.  Based on the IP addresses produced, it appears that Defendant Doe 1 is located in the United Kingdom.

5.      DISH has not received documents or information responsive to the subpoenas or letters of request from Facebook, Inc., Amazon.com, Inc., Dynamic Network Services, Inc., Online SAS, iomart Hosting Ltd., and Contabo GmbH.  DISH's efforts to obtain the discovery include:

   a.   Facebook, Inc. – The subpoena was served on June 22, 2017.  Facebook responded with general objections on June 26.  I responded by email on June 27 providing URLs of the relevant Facebook usernames.  I sent a meet and confer letter on August 1 and followed up by email on August 21.  A Facebook attorney and I conducted a telephonic meet and confer on August 22.  During this call, Facebook agreed to search for and produce certain documents and information responsive to the subpoena after providing notice to the user.  On August 24 I received an email from Facebook stating they will provide notice to the affected user(s) and give them 21 days to file an objection with the court prior to producing responsive information.

   b.   Amazon.com, Inc. – The subpoena was served on June 27, 2017.  Amazon responded with general objections on July 7.  I sent a meet and confer letter on August 1 and followed up with a voice message on August 17.  An Amazon attorney and I conducted

a telephonic meet and confer on August 18.  Amazon agreed to search for and produce certain documents and information responsive to the subpoena.

   c. Dynamic Network Services, Inc. – The subpoena was served on June 29, 2017.  I sent a meet and confer letter on August 1.  An attorney for Dynamic Network Services called me on August 1 requesting additional time to respond to the subpoena.  The attorney for Dynamic Network Services emailed me on August 17 and August 22 stating they were continuing to search for responsive documents and information.

   d. Online SAS – The letter of request was delivered to the Central Authority on July 10, 2017.  An Online attorney responded on June 23 stating he was not authorized to accept service via email and was waiting for service through an official and appropriate way.  The Central Authority responded on July 19 providing a case number and confirming they applied to a public prosecutor for the purpose of soliciting the production of documents, will keep us informed, and assures its full cooperation.  On August 23, I sent an email to the Online attorney and pursuant to my direction a paralegal of HNB sent an email to the Central Authority, requesting a status of the service and production.  We have not received a response to the August 23 status requests.

   e. iomart Hosting Ltd. – The letter of request was delivered to the Central Authority on July 5, 2017.  On August 23, I sent an email to iomart Hosting and pursuant to my direction a paralegal of HNB sent an email to the Central Authority, requesting a status of the service and production.  We have not received a response as to the status from the August 23 requests.

   f. Contabo GmbH – The letter of request was delivered to the Central Authority on July 5, 2017.  On August 23, I sent an email to Contabo and pursuant to my

direction a paralegal of HNB sent an email to the Central Authority, requesting a status of the service and production. On August 25, I received an email from Contabo stating they had not yet been contacted by the Central Authority, but assures their assistance upon receipt of an official demand from them. The Central Authority responded on August 25 indicating the letter of request was submitted to the Ministry but not yet served on Contabo.

6. Recently, DISH became aware of a legal proceeding in Canada against Adam Lackman, doing business as Tvaddons.ag. The statement of claim alleges that "Adam Lackman owns and operates the TVAddons website," which Adam Lackman denies. *Bell Canada et al. v. Adam Lackman*, T-800-17 (Canada Federal Court, Court at Montreal, Quebec June 2, 2017), Dkt. 1 at ¶24, Dkt. 30 at ¶8. The subpoena and letter of request responses received do not identify Adam Lackman as the owner or operator of the Tvaddons.ag website. As a matter of judicial efficiency, DISH seeks to obtain the outstanding document production and information pertaining to all Defendants prior to amending the complaint and serving the Defendants.

7. DISH needs additional time to confer with the third parties and obtain their production, identify all Defendants, amend the complaint, and have Defendants served.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 25, 2017.

                                              s/ Stephen Ferguson
                                              Stephen Ferguson