## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. 4:17-cv-01618 |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| SHAHJAHAN DURRANI, d/b/a ZemTV, | § | |
| and ADAM LACKMAN, d/b/a | § | |
| www.tvaddons.ag, *www.tvaddons.org*, | § | |
| *www.streamingboxes.com*, and | § | |
| *www.offshoregit.com,* | § | |
| | § | |
| Defendants. | § | |
| | § | |

## FIRST AMENDED COMPLAINT

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Shahjahan Durrani d/b/a ZemTV and Adam Lackman d/b/a/ *www.tvaddons.ag*, *www.tvaddons.org*, *www.streamingboxes.com*, and *www.offshoregit.com*, and states as follows:

### Nature of the Action

1. DISH brings this suit for copyright infringement based on the ZemTV service's unlawful retransmissions of television channels exclusively licensed to DISH throughout the United States. The ZemTV service retransmitted these channels over the Internet to end-users that downloaded the ZemTV add-on for the Kodi media player, which was available for download and supported at the websites *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com*. Defendants profited from this scheme by encouraging ZemTV add-on users to make donations through Amazon, using PayPal at the site *www.streamingboxes.com*, or Bitcoin. DISH neither authorized Defendants to retransmit these channels nor received any compensation from Defendants.

## Parties

2.      DISH is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3.      Defendant Shahjahan Durrani ("Durrani") is an individual who resides at 18, The Quadrangle, London, W2 2RN, United Kingdom.  Durrani developed the ZemTV add-on and managed and operated the ZemTV service.  Durrani used the aliases "Shani" and "Shani_08" to communicate with users of the ZemTV service.

4.      Defendant Adam Lackman ("Lackman") is an individual who resides at 301-430 rue McGill, Montreal, Quebec, H2Y 2G1, Canada.  Lackman owned and operated the websites *www.tvaddons.ag*, *www.tvaddons.org*, *www.offshoregit.com*, and *www.streamingboxes.com* and engaged in the hosting, distribution, and promotion of the ZemTV add-on.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*.

6.      Personal jurisdiction over Defendants is proper in this Court because they marketed, made available, and distributed the ZemTV service and ZemTV add-on to consumers in the State of Texas and the Southern District of Texas, resulting in the unauthorized retransmission of channels exclusively licensed to DISH and causing injury to DISH in this State and in this District.  In the alternative, personal jurisdiction is proper pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure because this Court's exercise of jurisdiction over Defendants is consistent with the Constitution and laws of the United States, DISH's claims arise under federal

law, Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state, and Defendants' retransmission occurred in the United States, including the state of Texas.

7.       Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District.  Venue is also appropriate in this Court under 28 U.S.C. § 1400(a) because this case asserts claims relating to the protection of copyrighted works, as well as 28 U.S.C. § 1391(c)(3) because Defendants are nonresidents that may be sued in any judicial district.

### DISH's Copyrights

8.       DISH is the fourth largest pay-television provider in the United States and delivers copyrighted programming to millions of subscribers nationwide by means of satellite and over-the-top delivery ("OTT") services whereby programming is delivered using a public Internet infrastructure.  DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

9.       DISH contracts for and purchases exclusive rights for various international channels distributed on its platform from networks and their agents.

10.       Pursuant to written agreements, DISH has the exclusive right to distribute and publicly perform in the United States the works that air on the Aaj Tak, Aastha Bhajan, Aastha TV, ARY Digital, ARY News, B4U Movies, B4U Music, Dunya TV, Express Entertainment, Express News, Geo News, Geo TV, Hum Masala, Hum Sitaray, Hum TV, India Today (Headlines Today), Movies OK, Sahara One, Sahara Samay, Times Now, and Zoom channels (collectively, the "Protected Channels") by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet.  The written agreements were in effect at all relevant times.  The licensors

of the Protected Channels acquire copyrights in the works that air on their respective channels, including by producing works and by assignment.

### Defendants' Wrongful Conduct

11.     Durrani created the ZemTV add-on and managed and operated the ZemTV service. Upon information and belief, Durrani did the following: selected and located the channels that were retransmitted on the ZemTV service; captured live broadcast signals of the Protected Channels outside the United States; transcoded these signals into a format useful for streaming over the Internet; uploaded and transferred the transcoded content to computer servers that were controlled and maintained by Durrani; and updated and posted new versions of the ZemTV add-on on *www.tvaddons.ag*, *www.tvaddons.org*, *and www.offshoregit.com*.

12.     Durrani unlawfully retransmitted the Protected Channels to ZemTV users in the United States.  The Protected Channels were observed during testing of the ZemTV service.  The Protected Channels were also identified in the user interface that viewers navigated when accessing content on the ZemTV service through the ZemTV add-on, and on social media pages believed to be operated by Defendants and associated with the ZemTV service.  The ZemTV service provided the Protected Channels through OTT delivery.

13.     To access the ZemTV service, end-users downloaded the ZemTV add-on for their Kodi media player.   The ZemTV add-on was available for download at *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com*.    The ZemTV add-on was free to download, but Lackman encouraged end-users to make "donations" through Amazon or using PayPal at *www.streamingboxes.com*.   The ZemTV add-on was supported by Durrani through a ZemTV discussion forum on *www.tvaddons.ag* and *www.tvaddons.org.*  Durrani advised ZemTV users that the sources of the works retransmitted on the ZemTV service "are bound to go down, taken away,

be secured and [have] maintenance issues so [the ZemTV service] is not guaranteed [to] run 24/7; for that you would need [a] proper TV subscription."

14. Lackman distributed the ZemTV add-on free of charge to his users of *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com*. Lackman derived revenues from at least the following: advertising, sales referrals for third party products and services, and donations. Lackman solicited and received donations through *www.streamingboxes.com* and third party services.

15. The ZemTV add-on hosted, distributed, and promoted by Lackman allowed users of *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com* to obtain immediate, free, and unauthorized access to the Protected Channels. Lackman was directly engaged in the selection of the content to which users would have access by selecting and making the ZemTV add-on available and encouraging Durrani to support it on *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com.*

16. DISH sent numerous notices of infringement to Internet service providers associated with the ZemTV service requesting the removal of the Protected Channels. Upon information and belief, these notices of infringement were forwarded to Durrani. Even when Durrani's Internet service providers removed unauthorized content or terminated his accounts, Durrani intentionally interfered with DISH's takedown efforts by, for example, retransmitting the Protected Channels using different Internet service providers or the same service providers with different servers or different Uniform Resource Locators ("URLs"). DISH also sent a notice of infringement to Lackman requesting the removal of the ZemTV add-on from *www.tvaddons.ag* and *www.tvaddons.org*. Upon information and belief, this notice of infringement was also forwarded to Durrani.

5

## Claims for Relief

## Count I

### Direct Copyright Infringement Under 17 U.S.C. § 501

### Against Defendant Durrani

17.     DISH repeats and realleges the allegations in paragraphs 1-16.

18.     Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

19.     The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter.  DISH's copyrights in these programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored and first published.  Because the programs that make up the Protected Channels are non-United States works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.  17 U.S.C. §§ 101, 411.

20.     Durrani distributed and publicly performed the copyrighted programs that aired on the Protected Channels to users throughout the United States via the ZemTV service, in violation of DISH's exclusive rights under 17 U.S.C. § 106.  DISH did not authorize Durrani to distribute or publicly perform these programs in any manner.

21.     Durrani directly infringed DISH's copyrights in violation of 17 U.S.C. § 501.  Each infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

22.     Durrani's acts were willful, malicious, intentional, purposeful, and in disregard of and with indifference to DISH's rights.

23.     Durrani's acts have caused substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law, warranting injunctive relief.

<u>**Count II**</u>

**Contributory / Inducing Copyright Infringement Under 17 U.S.C. § 501**

**Against Defendant Lackman**

24.     DISH repeats and realleges the allegations in paragraphs 1-16.

25.     Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

26.     The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter.  DISH's copyrights in these programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored and first published.  Because the programs that make up the Protected Channels are non-United States works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.  17 U.S.C. §§ 101, 411.

27.     As stated above, Durrani infringed DISH's copyrights in programs that aired on the Protected Channels by acting as the source that retransmitted that programming to users of the ZemTV service.

28.     Lackman had actual or constructive knowledge of this infringing activity and materially contributed to that activity by providing the ZemTV add-on and related support forum, and by soliciting and accepting donations from ZemTV users.  But for the availability and support of the ZemTV add-on at *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com*, most if not all of Durrani's distribution and/or public performance would not have occurred.  These acts facilitated access to the programs retransmitted without authorization on the ZemTV service.

29.     Lackman also engaged in purposeful conduct that intentionally induced ZemTV users to display the programs, obtained without authorization, on the Protected Channels through the ZemTV service.  Among other things, Lackman made the ZemTV add-on available for download on his websites with the object of promoting and encouraging its use to view copyrighted television programs, including programs that air on the Protected Channels.  Lackman is also believed to have induced and encouraged Durrani to retransmit popular television programs, including those that air on the Protected Channels through the ZemTV service, thereby violating DISH's exclusive rights.

30.     Lackman contributed to and induced infringement of DISH's copyrights in violation of 17 U.S.C. § 501.  The infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

31.     Lackman's acts were willful, malicious, intentional, purposeful, and in disregard of and with indifference to DISH's rights.

32.     Lackman's acts have caused substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law, warranting injunctive relief.

## Count III

### Vicarious Copyright Infringement Under 17 U.S.C. § 501

### Against Defendant Lackman

33.     DISH repeats and realleges the allegations in paragraphs 1-16.

34.     Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

35.     The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter.  DISH's copyrights in these programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored and first published.  Because the programs that make up the Protected Channels are non-United States works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.  17 U.S.C. §§ 101, 411.

36.     As stated above, Durrani infringed DISH's copyrights in programs that aired on the Protected Channels by acting as the source that retransmitted that programming to users of the ZemTV service.

37.     Lackman had the legal right and actual ability to supervise and control this infringing activity because Lackman made the ZemTV add-on, which is necessary to access the ZemTV service, available for download on his websites.  Lackman refused to take any action to stop the infringement of DISH's exclusive rights in the programs transmitted through the ZemTV service.

38.     Lackman received a direct financial benefit from having copyrighted programs that air on the Protected Channels distributed and publicly performed on the ZemTV service.  The availability of this programming attracted and drew users to the ZemTV add-on, resulting in Lackman receiving donations, advertising income, and sales referrals for third party products and services.

39.     Lackman vicariously infringed DISH's copyrights in violation of 17 U.S.C. § 501. The infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

40.     Lackman's acts were willful, malicious, intentional, purposeful, and in disregard of and with indifference to DISH's rights.

41.     Lackman's acts have caused substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law, warranting injunctive relief.

### Prayer for Relief

WHEREFORE, DISH prays for judgment against Defendants as follows:

A.     For permanent injunctive relief restraining and enjoining Defendants and their employees, agents, representatives, attorneys, and all persons that are acting in concert or participation with them, from:

1.     retransmitting, streaming, distributing or publicly performing in the United States, by means of the ZemTV service, ZemTV add-on or any other service, add-on, device, or process, the Protected Channels or any of the programming that comprises the Protected Channels;

2.     distributing, providing, or promoting any product, service, or add-on, including the ZemTV service and ZemTV add-on, that comprises the whole or part of a network

or service for the distribution or public performance of the Protected Channels or the programming that comprises the Protected Channels; and

       3.      advertising, displaying, or marketing the ZemTV service, ZemTV add-on, or any other service or add-on in connection with the Protected Channels or the programming that comprises the Protected Channels.

    B.     For infringement of registered works, maximum statutory damages in the amount of $150,000 per registered work infringed under 17 U.S.C. § 504(c), or, alternatively, DISH's actual damages and Defendants' profits that are attributable to the violations alleged herein pursuant to 17 U.S.C. § 504(b).

    C.     For infringement of unregistered works, an award of DISH's actual damages and Defendants' profits that are attributable to the violations alleged herein of each unregistered work pursuant to 17 U.S.C. § 504(b).

    D.     For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

    E.     For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

    F.     For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

    G.     For such additional relief as the Court deems just and equitable.

Dated:  September 25, 2017

                        Respectfully submitted,

                        **HAGAN NOLL & BOYLE LLC**

By:  s/ Stephen M. Ferguson
                        Stephen M. Ferguson (attorney-in-charge)
                        Texas Bar No. 24035248
                        Southern District of Texas Bar No. 614706
                        Two Memorial City Plaza
                        820 Gessner, Suite 940
                        Houston, Texas 77024

Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Joseph H. Boyle (of counsel)
Texas Bar No. 24031757
Southern District of Texas Bar No. 30740

**Counsel for Plaintiff DISH Network L.L.C.**