# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:17-cv-01618 |
| | § | |
| v. | § | |
| | § | |
| | § | |
| SHAHJAHAN DURRANI, d/b/a | § | |
| ZemTV, and ADAM LACKMAN, | § | |
| d/b/a www.tvaddons.ag, | § | |
| www.tvaddons.org, | § | |
| www.streamingboxes.com, and | § | |
| www.offshoregit.com | § | |
| | § | |
| Defendants. | § | |

## Joint Discovery/Case Management Plan
## Under Rule 26(f) Federal Rules of Civil Procedure

Plaintiff DISH Network L.L.C. ("DISH") and Defendants Shahjahan Durrani ("Durrani") and Adam Lackman ("Lackman" and collectively with Durrani, "Defendants") respectfully submit this Joint Discovery Case Management Plan pursuant to Federal Rule of Civil Procedure 26(f) and the Court's May 31, 2017 Order for Conference (Dkt. 4).

1.    State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

    December 29, 2017

    Stephen M. Ferguson, counsel for DISH

    Erin Russell, counsel for Defendants

2.    List the cases related to this one that are pending in any state or federal court with the case number and court.

    There are not any related cases pending in any state or federal court of the United States.

A similar case involving different plaintiffs is pending against Lackman in Canada. *Bell Canada*

*et al. v. Adam Lackman,* T-800-17 (Canada Federal Court, Court at Montreal Quebec), filed June 2, 2017.

3.      Briefly describe what the case is about.

DISH brings this suit for copyright infringement based on the ZemTV service's unlawful retransmissions of television channels exclusively licensed to DISH throughout the United States. The ZemTV service retransmitted these channels over the Internet to end-users in the United States that downloaded the ZemTV add-on for the Kodi media player, which was available for download and supported at the websites *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com*. Defendants profited from this scheme by encouraging ZemTV add-on users to make donations and from marketing and advertising revenue. DISH neither authorized Defendants to retransmit these channels nor received any compensation from Defendants. DISH alleges that Durrani developed the ZemTV add-on and managed and operated the ZemTV service. Lackman owns and operated the websites *www.tvaddons.ag*, *www.tvaddons.org*, *www.offshoregit.com*, and *www.streamingboxes.com* and engaged in the hosting, distribution, and promotion of the ZemTV add-on. DISH's claims for relief under 17 U.S.C. ¶ 501 include direct copyright infringement against Durrani and contributory, inducing, and vicarious copyright infringement against Lackman. DISH seeks a permanent injunction and damages against Defendants.

Defendants deny that they are liable to DISH in any manner.

4.      Specify the allegations of federal jurisdiction.

A.      If jurisdiction is based on diversity of citizenship and any of the parties is an LLC, please state the citizenship of each of the members of the LLC.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq.*

5.      Name the parties who disagree and the reasons.

The parties agree that the Court has subject matter jurisdiction.

6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

       The parties do not anticipate additional parties.

7.     List anticipated interventions.

       The parties do not anticipate interventions.

8.     Describe class-action issues.

       None

9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

       The parties have not made the initial disclosures required by Rule 26(a).  The parties have

agreed to make their initial disclosures by January 19, 2018.

10.    Describe the proposed agreed discovery plan, including:

       A.     Responses to all the matters raised in Rule 26(f).

              i.     what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

       The parties have agreed to make their initial disclosures by January 19, 2018.  The parties

do not propose any changes to the form or requirement for initial disclosures.

              ii.    the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

        The parties anticipate that the general types of fact discovery needed include

interrogatories, document requests (including the production of electronic documents), and

deposition testimony.

       DISH anticipates that the needed subjects of fact discovery include but are not limited to:

              a.   Development, design, and operation of the ZemTV service;

              b.   Distribution of the ZemTV service;

              c.   Marketing of the ZemTV service;

3

    d.   Interactions with users of the ZemTV service;

    e.   Channels retransmitted on the ZemTV service;

    f.   Rights claimed by Defendants with respect to those channels, if any;

    g.   Infringement notices regarding the ZemTV service;

    h.   Profits relating to the ZemTV service, *www.tvaddons.ag*, *www.tvaddons.org*, *www.offshoregit.com*, and *www.streamingboxes.com*;

    i.   Financial transactions relating to the ZemTV service;

    j.   Other similar services associated with Defendants; and

    k.   Defendants' infringement of DISH's copyrights.

Defendants anticipate that the needed subjects of fact discovery include but are not limited to:

    a.   Third-Party Discovery relating to Plaintiff's alleged licensing agreements for the programming at issue in this matter;

    b.   Lost profits claimed by Plaintiff; and

    c.   Infringement notices issued by Plaintiff to and pertaining to Defendants.

The parties agree that discovery should be completed by January 25, 2019.

Discovery should not be conducted in phases or be limited to or focused on particular issues.

    iii.   any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

    a.   <u>General Document Format.</u>  The parties will produce documents, whether originating in electronic or hard copy format, as a searchable PDF file on a compact disk, or alternatively by electronic means and/or a hard copy by U.S. Mail, unless either party provides notice that production should occur in an alternate format, and the basis for deviating from the agreed upon form of production.  The parties will then confer and agree on the proposed alternative format prior to the production of any material.  When a document is produced, the producing party

4

shall maintain a separate file as a native file, which will not be modified in any manner that changes the file.

      b.    <u>Text-Searchable Documents.</u>  No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

      c.    <u>Footer.</u>  Each document image shall contain a footer with a sequentially ascending production number.

      d.    <u>Native Files.</u>  A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.  Native files need not include a footer with the production number as specified above, but must be identified with a production number, which may include one production number applicable to an entire file as specified in the file name.  If a producing party produces native files in a format not easily identifiable or accessible to a receiving party, the producing party must identify a publicly-available tool or program that can open the native file, or otherwise provide receiving party with the means to access the native file.

      e.    <u>Privilege Cut-Off.</u>  Privileged documents dated after the filing of this lawsuit need not be identified on the privilege log.

      iv.    any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

    The inadvertent, accidental, mistaken or erroneous production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put at issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  The producing party

shall notify the receiving party in writing of any such inadvertent, accidental, mistaken or erroneous production as soon as reasonably possible after the producing party becomes aware of it.  Upon receipt of such notice, the receiving party shall, within five (5) business days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof.  The non-waiver protections of this provision extend to other State or Federal proceedings pursuant to Rule 502(d) of the Federal Rules of Evidence.

      v.      what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

No changes or limitations.  The Parties agree to conduct discovery in accordance with the Fed. R. Civ. P. and Local Rules of this Court.

      vi.      any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The Parties do not request any other orders under Fed. R. Civ. P. 26(c) or 16(b) at this time. The Parties will confer on an agreed protective order governing discovery, as necessary.

B.      When and to whom the plaintiff anticipates it may send interrogatories.

DISH anticipates serving Defendants with initial sets of interrogatories during January 2018.

C.      When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate serving DISH with initial sets of interrogatories during January 2018.

D.      Of whom and by when the plaintiff anticipates taking oral depositions.

DISH anticipates taking oral depositions of Lackman, Durrani, and others based on the evidence, following Defendants' responses to initial sets of interrogatories, requests for production, and DISH's receipt of third party subpoena responses, and prior to October 2018.

E.      Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking oral depositions of corporate representatives of Plaintiff and each of the channels/networks at issue in this matter, and others based on the evidence, following Plaintiff's responses to Defendants initial sets of interrogatories, requests for production, and Defendants' receipt of third party subpoena responses, and prior to November of 2018.

F.      When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The parties will designate any experts and provide the reports required by Rule 26(a)(2)(B) by October 27, 2018.  The parties will make any responsive designation and delivery of rebuttal expert reports by November 30, 2018.

G.      List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

DISH intends to take any expert depositions during December 2018.

H.      List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule26(a)(2)(B) (expert report).

Defendants intend to take any expert depositions during December 2018.

11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties agree with the proposed discovery plan.

12.     Specify the discovery beyond initial disclosures that has been undertaken to date.

DISH served subpoenas and letters of request on Defendants' service providers seeking limited discovery to identify Defendants, pursuant to the Court's Order granting DISH's motion for leave to conduct expedited discovery and issuance of letters of request (Dkt. 6).

13.     State the date the planned discovery can reasonably be completed.

January 25, 2019

14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

        DISH initiated settlement discussions with Lackman's counsel prior to the Rule 26(f) conference.  DISH is prepared to continue discussing settlement possibilities through counsel or through mediation.

15.     Describe what each party has done or agreed to do to bring about a prompt resolution.

        DISH initiated settlement discussions and provided a written proposal to Lackman's counsel.

16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

        The parties agree that mediation before an agreed mediator or magistrate judge may be effective during or following the completion of discovery.

17.     Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

        The parties do not unanimously consent to a trial before a magistrate judge.

18.     State whether a jury demand has been made and if it was made on time.

        The parties have not made a jury demand.

19.     Specify the number of hours it will take to present the evidence in this case.

        The parties anticipate it will take approximately 24 hours to present the evidence in this case.

20.     List pending motions that could be rule on at the initial pretrial and scheduling conference.

        None

21.     List other motions pending.

        None

22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

        None

23.     Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

        DISH filed it Disclosure of Interested Parties on May 30, 2017 (Dkt. 2).

        Defendants will file their Disclosure of Interested Parties before the currently-scheduled status conference.

24.     List the names, bar numbers, addresses, and telephone numbers of all counsel.

Stephen M. Ferguson                                    Joseph H. Boyle
Texas Bar No. 24035248                                 Texas Bar No. 24031757
Southern District of Texas Bar No. 614706              Southern District of Texas Bar No. 30740
Hagan Noll & Boyle LLC                                 Hagan Noll & Boyle LLC
Two Memorial City Plaza                                Two Memorial City Plaza
820 Gessner, Suite 940                                 820 Gessner, Suite 940
Houston, Texas 77024                                   Houston, Texas 77024
(713) 343-0478                                         (713) 343-0478
stephen.ferguson@hnbllc.com                            joe.boyle@hnbllc.com
*Counsel for DISH*                                     *Counsel for DISH*

Erin Russell                                           Jason E. Sweet
Illinois Bar No. 6287255                               Massachusetts Bar No. 668596
Georgia Bar No. 141494                                 Booth Sweet LLP
The Russell Frim, LLC                                  32R Essex Street
1519 W. Haddon Avenue, Suite D                         Cambridge, MA 02139
Chicago, IL 60642                                      (617) 250-8619
(312) 994-2424                                         jsweet@boothsweet.com
erin@russellfirmchicago.com                            *Counsel for Lackman*
*Counsel for Defendants*


  s/ Stephen M. Ferguson_____             12/29/2017_____
Counsel for DISH                                Date

  s/ Erin Russell_____             12/29/2017_____
Counsel for Defendants                          Date

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 29, 2017, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all CM/ECF participants in this case.

 s/ Stephen M. Ferguson_____
Stephen M. Ferguson