IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK, L.L.C., ) | |
| ) | Civil Action No. 4:17-cv-01618 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHAHJAHAN DURRANI, d/b/a/ Zem TV, ) | |
| and ADAM LACKMAN, d/b/a ) | |
| www.tvaddons.ag, www.tvaddons.org, ) | |
| www.streamingboxes.com, and ) | |
| www.offshoregit.com, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS**

COME NOW Defendants Adam Lackman and Shahjahan Durrani, by and through counsel, and request that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(2), showing the Court as follows:

**I.    INTRODUCTION**

This is a copyright infringement matter brought by DISH Network, a Colorado limited liability company, against Lackman, a Canadian citizen, and Durrani, a British citizen of the United Kingdom. DISH contends that Durrani developed the ZemTV add-on and managed and operated the ZemTV service. DISH contends that Durrani, along with co-defendant Lackman, marketed, made available, and distributed the ZemTV service to internet users in violation of the Copyright Act. DISH admits that the works at issue were not registered with the U.S. Copyright Office.

However, Plaintiff has failed to pursue its claims in the proper court. This Court does not have personal jurisdiction over these Defendants. Plaintiff has failed to make anything more than a conclusory statement alleging personal jurisdiction, failing to meet its pleading burden. Defendants have provided declarations, attached as exhibits hereto, showing that they lack any contacts with this

jurisdiction, and that this Court cannot exercise personal jurisdiction over them.

## II.     LEGAL STANDARD

A court must dismiss an action when it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When a district court rules on personal jurisdiction without an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citation omitted), and the court may consider the entire contents of the record, including affidavits, *Paz v. Bush Engineered Materials, Inc.*, 445 F.2d 809, 812 (5th Cir. 2006) (citations omitted). All conflicts in the evidence are resolved in favor of the plaintiff. *LuvN'Care , Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir.). All of the Plaintiff's uncontroverted allegations will thus be accepted as true.

In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant if: (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction over that defendant is consistent with due process under the U.S. Constitution. *Clements v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). This two-step personal jurisdiction inquiry collapses into one federal due process analysis since the Texas long-arm statute extends to the limits of federal due process. *Id.* "To satisfy the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) that the exercise of personal jurisdiction does not offend 'traditional notions of fair play and substantial justice.;" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

Jurisdiction may be general or specific. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). A forum state may exercise specific jurisdiction over a non-resident defendant "when the non-resident's contacts with the forum state arise from, or are directly related to, the cause of action." *Allred*, 117 F.3d at 286. Evecn a single act by the defendant directed at the forum state can be enough to confer jurisdiction if that act gives rise to the claim being asserted. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993). In deciding whether there is specific jurisdiction, the court will consider whether the defendant has purposefully availed himself of the laws

of the forum state and could reasonably anticipate being sued there. *Burger King v. Rudzewicz*, 471 U.S. 462, 482, 105 S.Ct. 2174 (1985). In addition, if a plaintiff's claims are related to different forum contacts of the defendant, specific jurisdiction must be established for each claim. *Seifarth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006).

## II. ARGUMENT

### A. This case should be dismissed for lack of personal jurisdiction over Lackman and Durrani.

Rule 12(b)(2) authorizes a court to dismiss an action against a defendant when the court lacks personal jurisdiction over that defendant. *See* Fed. R. Civ. P. 12(b)(2). "[T]he plaintiff bears the burden of establishing the district court's jurisdiction over the defendant.;" *Quick Techs, Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)). The district court may receive affidavits and other methods of discovery to assist in the jurisdictional analysis. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

A federal court has personal jurisdiction over a non-resident defendant if the forum state's long-arm statute confers jurisdiction and if jurisdiction is consistent with due process under the United States Constitution. *Johnson v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Texas' long-arm statute extends personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment. *Id.* Under the Due Process Clause, personal jurisdiction exists over a nonresident defendant when a plaintiff demonstrates; "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945)).

Jurisdiction may be general or specific. *Stroman Realty, Inc. v. Wercinski*, 515 F.3d 476, 484 (5th Cir. 2008). General jurisdiction only exists when contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 415-16 (1984). The

3

Fifth Circuit imposes a high standard regarding general jurisdiction and the test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *HB Plus Bandomatic, Inc. v. MTC South, Inc.,* Civil Action No. H-11-00620, 2011 WL 2678947, at *2 (S.D. Tex. July 7, 2011) (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)). Specific jurisdiction may exist if the defendant's minimum contacts with the forum are such that (1) the defendant either purposefully directed his activities towards the forum state or purposely availed himself of the benefits and privileges of conducting business in the forum state; and (2) the cause of action asserted by the plaintiff arose out of or is related to the defendant's contacts within the forum state. *Freudensprung v. Offshore Technical Servs.*, 379 F.3d 327, 343 (5th Cir. 2004). The Fifth Circuit also requires the exercise of personal jurisdiction over a defendant to be "fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 659 (5th Cir. 2009).

        **1.**       **This Court does not have general jurisdiction over Lackman and Durrani.**

Lackman and Durrani are not subject to general jurisdiction in Texas because they lack "continuous and systematic" contacts with Texas. Lackman is a Canadian citizen and resident of Montreal, Quebec. *See* Ex. B at ¶ 2. Durrani is a British citizen and resident of London, England. *See* Ex. A at ¶ 2. Lackman and Durrani have never been residents or citizens of Texas; they have never owned property in Texas; they have never voted in Texas; they have never personally visited Texas; they have never directed any business activity of any kind to anyone in Texas; they have never directed any personal activity to anyone in Texas; and they have never earned income in Texas. *See* Ex. A and B at ¶3-11. The Supreme Court has explained that general jurisdiction is not limitless and may only be applied when the connections to the forum state render the defendant "essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). Lackman and Durrani are not "at home" in Texas. They have never been to Texas. There is no general jurisdiction over them in Texas or in this District.

        **2.**       **This Court does not have specific jurisdiction over Lackman and Durrani.**

Lackman and Durrani are not subject to specific jurisdiction, either. Also known as "case-linked" jurisdiction, specific jurisdiction arises only when the dispute arises from (or is substantially related to) the defendant's activities in the forum state. A defendant's case-linked activities must be

significant and must still show that the defendant purposefully availed himself of the benefits of the forum state. *Hydrokinetics, Inc. v. Alaska Merch, Inc.*, 700 F.2d 1026, 1028 (5th Cir. 1983). Specific jurisdiction focuses on "the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). Plaintiff has not met and cannot meet its burden of establishing either Lackman or Durrani is subject to specific jurisdiction in Texas.

Plaintiff's specific jurisdiction allegations, that are relevant and supported by evidence, do not establish specific jurisdiction in this case. Its conclusory allegations are insufficient to show "purposeful availment of the benefits and protections of and minimum contacts with the forum state." *Panda v. Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). Plaintiff has not identified sufficient, or for that matter any, Texas-related facts showing that either Lackman or Durrani directed any action whatsoever at the state of Texas or its citizens. Plaintiff's conclusory allegation that Lackman and Durrani marketed, made available, and distributed ZemTV service and the ZemTV add-on to consumers in the State of Texas and the Southern District of Texas is misleading at best. *See* Complaint at ¶ 6. Plaintiff has failed to provide the Court with a single piece of admissible evidence showing that either Lackman or Durrani directed any action whatsoever at the State of Texas.

Courts have addressed the issue of general "internet" jurisdiction. In *ALS Scan v. Digital Service Consultants*, 293 F.3d 707 (4th Cir. 2002), the Fourth Circuit held that:

> [T]he argument could…be made that the Internet's electronic signals are surrogates for the person and that Internet users conceptually enter a State to the extent they send their electronic signals into the State, establishing those minimum contacts sufficient to subject the sending person to personal jurisdiction where the signals are received…But if that broad interpretation of minimum contacts were adopted, State jurisdiction over persons would be universal, and notions of limited State sovereignty and personal jurisdiction would be eviscerated. In view of the traditional relationship among the States and their relationship to a national government with its nationwide judicial authority, it would be difficult to accept a structural arrangement in which each State has unlimited judicial power over every citizen in each other State who uses the Internet…That thought certainly would have been considered outrageous in the past when interconnections were made only by telephones.

*Id.* at 712-713 (citations omitted.)

Accordingly, the Fourth Circuit limited the exercise of personal jurisdiction based on Internet usage to situations where the Defendant "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other transactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *Id.* at 714. See also *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The Ninth Circuit similarly rejects the notion of "Internet jurisdiction," applying the standards set forth in *World-Wide Volkswagen* and *International Shoe* to the concept of the internet.

> In copyright infringement actions, *venue is proper "in the district in which the defendant or his agent resides or may be found."* 28 U.S.C. § 1400(a). The Ninth Circuit interprets this statutory provision to allow venue "in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Columbia Pictures*, 106 F.3d at 289.

*Brayton Purcell LLP v. Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010). See also *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *CollegeSource, Inc.* at 1076 (holding if defendants' alleged online actions were sufficient to support general jurisdiction in every forum in which they interacted, "the eventual demise of all restrictions on the personal jurisdiction of state courts" would be the inevitable result.)

Likewise, in *GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000), the court noted:

> **Indeed, under this view, personal jurisdiction in internet-related cases would almost always be found in any forum in the country. We do not believe that the advent of advanced technology, say, as with the Internet, should vitiate long-held and inviolable principles of federal court jurisdiction…In the context of the Internet, GTE's expansive theory of personal jurisdiction would shred these constitutional assurances out of practical existence.** Our sister circuits have not accepted such an approach, and neither shall we.

*Id.* at 1350 (emphasis added).

III. CONCLUSION

Defendants are citizens of Canada and Great Britain and have not had sufficient contacts in the State of Texas for this Court to exercise personal jurisdiction over them. To do so would violate the Due Process Clause of the United States Constitution. Defendants respectfully request that this Court enter an order granting this motion and dismissing all of Plaintiff's claims against them, and any further relief the Court deems just and proper.

Respectfully submitted,

THE RUSSELL FIRM, LLC
1519 W. Haddon Avenue, Suite D
Chicago, Illinois 60642
Telephone: (312) 994-2424
Facsimile: (312) 706-9766


/s/ Erin K. Russell
Erin K. Russell
Illinois ARDC Number 6287255
*Admitted Pro Hac Vice*
Email: erin@russellfirmchicago.com

**ATTORNEY FOR DEFENDANTS ADAM LACKMAN AND SHAHJAHAN DURRANI**

BOOTH SWEET, LLP
32R Essex Street
Cambridge, Massachusetts 02139
Telephone: (617) 250-8619
Facsimile: (617) 250-8883

/s/ Jason Sweet
Jason Sweet
MA Bar Number
*Admitted Pro Hac Vice*
Email: jsweet@boothsweet.com

**ATTORNEY FOR ADAM LACKMAN**

CERTIFICATE OF SERVICE

    This is to certify that on January 5, 2018, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

    /s/ Erin K. Russell