# UNITED STATES DISTRICT COURT FOR
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| DISH NETWORK, LLC, | ) |
| Plaintiff, | ) |
|  | ) Case No. 4:17-cv-01618 |
| v. | ) |
| SHAHJAHAN DURRANI, d/b/a ZemTV, and ADAM LACKMAN, d/b/a www.tvaddons.ag, www.tvaddons.org, www.streamingboxes.com, and www.offshoregit.com, | ) |
| Defendants. | ) |

___

## DEFENDANT LACKMAN'S MOTION FOR A MORE DEFINITE STATEMENT
___

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendant Adam Lackman ("Lackman") respectfully moves this Court for an order requiring Plaintiff DISH Network, LLC to provide a more definite statement of its Amended Complaint.

Dated: May 9, 2018

                                                                                   Respectfully,

                                                                                    s/ Jason E. Sweet
                                                                                    BOOTH SWEET LLP
                                                                                    BBO# 668596
                                                                                    32R Essex Street
                                                                                    Cambridge, MA 02139
                                                                                    Tel.: (617) 250-8619
                                                                                    Fax: (617) 250-8883
                                                                                    Email: jsweet@boothsweet.com

                                                                                    *Counsel for Defendant Lackman*
                                                                                    *Pro Hac Vice Appearance*

1

UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK, LLC, <br><br>   Plaintiff, <br><br>v. <br><br>SHAHJAHAN DURRANI, d/b/a ZemTV, and ADAM LACKMAN, d/b/a www.tvaddons.ag, www.tvaddons.org, www.streamingboxes.com, and www.offshoregit.com, <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 4:17-cv-01618 |

---

**MEMORANDUM IN SUPPORT OF DEFENDANT LACKMAN'S
MOTION FOR A MORE DEFINITE STATEMENT**

---

  Pursuant to Federal Rule of Civil Procedure 12(e), Defendant Adam Lackman ("Lackman") requests that this Court order Plaintiff DISH Networks, LLC ("DISH") to provide a more definite statement of its Amended Complaint, because it contains ambiguities that prevent the Lackman from reasonably addressing the claims against him and the relief being sought. *See Sisk v. Tex. Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).

**STANDARD OF REVIEW**

  Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" when it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "When a party moves for a more definite statement, a court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading." *Ash Grove Tex., L.P. v. City of Dall.*, 2009 U.S. Dist. LEXIS 95250, *20 (N.D. Tex. Oct. 9, 2009) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)). The court should also look to the standards of Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3).

**ARGUMENT**

**A.  A claim for direct infringement cannot be ascertained.**

This is a copyright infringement matter brought by DISH Network, against Lackman, a Canadian citizen, and Shahjahan Durrani, a British citizen of the United Kingdom. DISH contends that the ZemTV add-on, an open source application for the Kodi Media Player developed by Durrani, was used to "distribute[] and publicly perform[] the copyrighted programs that aired on the Protected Channels." *Amended Complaint,* at ¶ 20. The ZemTV add-on scrapes the Internet for its content. The content in dispute is available for free from each of the Protected Channels on their websites in the U.K. where Durrani resides. DISH's point of contention then is that U.S. residents were able to use the Zem TV add-on to view content that would normally be geo-blocked to them on the Protected Channels' websites. There is no supported allegation that Durrani ever directly infringed. An allegation that a defendant merely provided the means to accomplish an infringing activity is insufficient to establish a claim for copyright infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005).[1] "Because there can be no contributory[, vicarious] or inducement of infringement absent direct infringement," Lackman is unable to ascertain which facts support DISH's claims against him or what the claims even are. *Morales v. Square, Inc.*, 75 F. Supp. 3d 716, 720 (W.D. Tex. 2014).

**B.  It is unclear if DISH intended to plead contributory infringement or inducement.**

Even if DISH has pled an adequate claim for direct infringement, Count II of its complaint presents it own distinct points of confusion. Therein, the claim against Lackman is for "Contributory / Inducing Copyright Infringement." *Amended Complaint,* at 7. However, contributory infringement and inducing infringement are two distinct causes of action.

The doctrine of contributory infringement, in turn, permits "one who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing activity of another, to be held liable." *Columbia Pictures Industries, Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 160 (3d Cir. 1984); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Hence, in order to prevail on a claim for contributory infringement, a plaintiff has to prove: (1) direct infringement by a third party; (2) knowledge that the third party was directly infringing; and (3) material contribution to the infringement. *Parker v. Google,* 242 Fed. App'x. 833, 837 (3rd Cir.

---

[1] Similarly, Lackman ran a website that served as a depository for open-source Kodi applications. ZemTV was one of thousands available, and was removed upon receipt of DISH's takedown notice.

2007); *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013); *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146 (9th Cir. 2007).

Alternatively, to state a claim for inducement of infringement, DISH must allege "(1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." *Columbia Pictures Indus. v. Gary Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013).

Federal Rule of Civil Procedure 10(b) requires separate counts for separate claims. *See e.g. Yakoub v. Tradewinds Airlines, Inc.*, 2016 U.S. Dist. LEXIS 172896, *4 (S.D. Fla. Dec. 14, 2016). Again, it is unclear if Lackman is being accused of contributory infringement, inducement or both.

**C. Information and belief as a basis for a claim is too vague.**

In addition, to the extent any of DISH's allegations related to their claims against Lackman are based on information and belief [*see e.g. Amended Complaint,* at ¶ 29], and such allegations are insufficient as a matter of law. *See, e.g.,U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003); *Irons v. City of Dallas*, 2012 U.S. Dist. LEXIS 77036 (N.D. Tex. Apr. 4, 2012) (conclusory allegations made upon information and belief are not entitled to a presumption of truth); *Moody v. Aqua Leisure Intern.*, 2011 U.S. Dist. LEXIS 70878 (S.D. Tex. June 30, 2011) (allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard); *In re Soporex, Inc.* 463 B.R. 344, 394 (Bankr. N.D. Tex. 2011). DISH must plead specific facts in relation to its claims, otherwise Lackman is unable to ascertain the basis for the claims against him.

**D. The basis for the relief sought is undefined.**

DISH correctly argues that registration of foreign works as a precondition to bringing an infringement suit is no longer required under the Copyright Act.

> The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in these programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored and first published. **Because the programs that make up the Protected Channels are non-United States works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.** 17 U.S.C. §§ 101, 411.

*Amended Complaint*, at ¶¶ 26 & 35 (emphasis added).

But not all formalities for foreign works have been dispensed with. Registration is still required for foreign works to gain the procedural benefits of a *prima facie* presumption of the validity of a copyright, statutory damages, and attorney's fees under the Act, regardless of the work's place of origin. *See* 2 *Nimmer on Copyright* § 7.01[B], at 7-11–7-12; 17 U.S.C. § 410(c) (registration required for presumption of validity); 17 U.S.C. § 412 (registration required for award of statutory damages and attorney's fees). *See also The Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 633 F. Supp. 2d 159, 162–164 (S.D.N.Y. 2009) (rejecting the plaintiff's claim that 17 U.S.C. § 412 excuses foreign works from the registration requirement in order to obtain statutory damages; there is no exception for foreign works in the statute, Congress did not intend an exception, requiring foreign works to meet this requirement would not violate international copyright and intellectual property treaties to which the United States is bound, and "[e]ven if Section 412 were in conflict with the Berne Convention, Section 412 would be binding … [b]ecause the Berne Convention has no effect on U.S. law unless Congress so provides …"); *Dos Santos v. Telemundo Comm'ns Group, LLC*, 2012 U.S. Dist. LEXIS 189524, *21 n.6 (C.D. Cal. Dec. 19, 2012) (Berne Convention "does not supersede the requirement that even foreign works be registered in order to be eligible for statutory damages and attorneys' fees."); *Intercom Ventures, LLC v. City Media Plus Ex-Yu Streaming*, 2013 U.S. Dist. LEXIS 110236,*13 (N.D. Ill. Aug. 6, 2013) (collecting cases; noting that "Sections 411(a) and 412 have correctly been read together to mean precisely what they say: Although registration is not a prerequisite to bringing suit over a copyrighted work originating outside the United States, it is a prerequisite to seeking statutory damages or attorney fees regardless of where the work originates."); *Rudnicki v. WPNA 1490 AM*, 580 F. Supp. 2d 690 (N.D. Ill. July 24, 2008) ("Works first published outside the United States … are exempt from the registration requirement, § 411(a), unless the copyright holder seeks statutory damages and attorney's fees."); *Spanski Enters. v. Telewizja Polska S.A.*, 222 F. Supp. 3d 95, 110 (D.D.C. Dec. 2, 2016).

Plaintiff's allegation that "registration is not a prerequisite to filing a copyright infringement action with respect to these [foreign] works" is half right, but entirely insufficient to entitle it to relief in the form of statutory damages, attorneys fees or costs. *Tvb Holdings United States v. Enom Inc.*, 2014 U.S. Dist. LEXIS 194490, *9 (C.D. Cal. Jan. 6, 2014). More so, it calls into question whether any copyrights were actually infringed here, especially since DISH has offered no proof of infringement by the Defendants. Accordingly, because Plaintiff has specifically stated that the works in question have not been registered [*Amended Complaint,* at ¶¶ 26 & 35], it may not seek statutory

damages or attorney fees for its copyright claims [*id*., at ¶¶ B & D]. "When the statute is clear, as it is here, we need go no further in our analysis." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1302–03 (11th Cir. 2012).

## CONCLUSION

Because the Amended Complaint is ambiguous regarding whether DISH asserts any actionable claim or facts supporting the relief it seeks, and which claims DISH meant to allege against Lackman, he cannot reasonably respond to the important threshold questions about the claims. Thus, a more definite statement is necessary.

Dated: May 9, 2018

    Respectfully,

    s/ Jason E. Sweet
    BOOTH SWEET LLP
    BBO# 668596
    32R Essex Street
    Cambridge, MA 02139
    Tel.: (617) 250-8619
    Fax: (617) 250-8883
    Email: jsweet@boothsweet.com

    *Counsel for Defendant Lackman*
    *Pro Hac Vice Appearance*

## CERTIFICATE OF SERVICE

This is to certify that on May 9, 2018, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

    s/ Jason E. Sweet