## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § | |
| | § | Civil Action No. 4:17-cv-01618 |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| SHAHJAHAN DURRANI, d/b/a ZemTV, | § | |
| and ADAM LACKMAN, d/b/a | § | |
| www.tvaddons.ag, www.tvaddons.org, | § | |
| www.streamingboxes.com, and | § | |
| www.offshoregit.com, | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

### DEFENDANT ADAM LACKMAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

### NATURE OF THE ACTION

1. DISH brings this suit for copyright infringement based on the ZemTV service's unlawful retransmissions of television channels exclusively licensed to DISH throughout the United States. The ZemTV service retransmitted these channels over the Internet to end-users that downloaded the ZemTV add-on for the Kodi media player, which was available for download and supported at the websites *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com*. Defendants profited from this scheme by encouraging ZemTV add-on users to make donations through Amazon, using PayPal at the site *www.streamingboxes.com*, or Bitcoin. DISH neither authorized Defendants to retransmit these channels nor received any compensation from Defendants.

**ANSWER**: Defendant admits that the Plaintiff's amended complaint purports to set forth an action for copyright infringement under the United States Copyright Act and seeks relief. **Defendant** denies the remaining allegations in Paragraph 1.

### PARTIES

2. DISH is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies those allegations.

3. Defendant Shahjahan Durrani (**"Durrani"**) is an individual who resides at 18, The Quadrangle, London, W2 2RN, United Kingdom. Durrani developed the ZemTV add-on and managed and operated the ZemTV service. Durrani used the aliases "Shani" and "Shani_08" to communicate with users of the ZemTV service.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies those allegations.

4.  Defendant Adam Lackman (**"Lackman"**) is an individual who resides at 301-430 rue McGill, Montreal, Quebec, H2Y 2G1, Canada. Lackman owned and operated the websites *www.tvaddons.ag*, *www.tvaddons.or*g, *www.offshoregit.com*, and *www.streamingboxes.com* and engaged in the hosting, distribution, and promotion of the ZemTV add-on.

**ANSWER**: Defendant's current address is 430 Rue McGill, Suite #301, Montreal, Quebec, H2Y 2G1, Canada. Defendant admits ownership of the websites in Paragraph 4. Defendant denies the remaining allegations in Paragraph 4.

### JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*.

**ANSWER**: Defendant admits that the Court has jurisdiction over the subject matter of this action.

6.  Personal jurisdiction over Defendants is proper in this Court because they marketed, made available, and distributed the ZemTV service and ZemTV add-on to consumers in the State of Texas and the Southern District of Texas, resulting in the unauthorized retransmission of channels exclusively licensed to DISH and causing injury to DISH in this State and in this District. In the alternative, personal jurisdiction is proper pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure because this Court's exercise of jurisdiction over Defendants is consistent with the Constitution and laws of the United States, DISH's claims arise under federal law, Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state, and Defendants' retransmission occurred in the United States, including the state of Texas.

**ANSWER**: Defendant denies the allegations contained in the first sentence of Paragraph 6. Defendant admits that the Court has personal jurisdiction over this action under Rule 4(k)(2).

7.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District. Venue is also appropriate in this Court under 28 U.S.C. § 1400(a) because this case asserts claims relating to the protection of copyrighted works, as well as 28 U.S.C. § 1391(c)(3) because Defendants are nonresidents that may be sued in any judicial district.

**ANSWER**: Defendant admits that venue is properly founded in this District.

### DISH'S COPYRIGHTS

8.  DISH is the fourth largest pay-television provider in the United States and delivers copyrighted programming to millions of subscribers nationwide by means of satellite and over-the-top delivery ("OTT") services whereby programming is delivered using a public Internet infrastructure. DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

**ANSWER**:Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies those allegations.

9.  DISH contracts for and purchases exclusive rights for various international channels distributed on its platform from networks and their agents.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies those allegations.

10. Pursuant to written agreements, DISH has the exclusive right to distribute and publicly perform in the United States the works that air on the Aaj Tak, Aastha Bhajan, Aastha TV, ARY Digital, ARY News, B4U Movies, B4U Music, Dunya TV, Express Entertainment, Express News, Geo News, Geo TV, Hum Masala, Hum Sitaray, Hum TV, India Today (Headlines Today), Movies OK, Sahara One, Sahara Samay, Times Now, and Zoom channels (collectively, the "Protected Channels") by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet. The written agreements were in effect at all relevant times. The licensors of the Protected Channels acquire copyrights in the works that air on their respective channels, including by producing works and by assignment.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies those allegations.

### DEFENDANTS' WRONGFUL CONDUCT

11. Durrani created the ZemTV add-on and managed and operated the ZemTV service. Upon information and belief, Durrani did the following: selected and located the channels that were retransmitted on the ZemTV service; captured live broadcast signals of the Protected Channels outside the United States; transcoded these signals into a format useful for streaming over the Internet; uploaded and transferred the transcoded content to computer servers that were controlled and maintained by Durrani; and updated and posted new versions of the ZemTV addon on *www.tvaddons.ag*, www.tvaddons.org, and *www.offshoregit.com*.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies those allegations.

12. Durrani unlawfully retransmitted the Protected Channels to ZemTV users in the United States. The Protected Channels were observed during testing of the ZemTV service. The Protected Channels were also identified in the user interface that viewers navigated when accessing content on the ZemTV service through the ZemTV add-on, and on social media pages believed to be operated by Defendants and associated with the ZemTV service. The ZemTV service provided the Protected Channels through OTT delivery.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies those allegations.

13. To access the ZemTV service, end-users downloaded the ZemTV add-on for their Kodi media player. The ZemTV add-on was available for download at *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com*. The ZemTV add-on was free to download, but Lackman encouraged end-users to make "donations" through Amazon or using PayPal at *www.streamingboxes.com*. The ZemTV add-on was supported by Durrani through a ZemTV discussion forum on *www.tvaddons.ag* and *www.tvaddons.org*. Durrani advised ZemTV users that the sources of the works retransmitted on the ZemTV service "are bound to go down, taken away, be secured and [have] maintenance issues so [the ZemTV service] is not guaranteed [to] run 24/7; for that you would need [a] proper TV subscription."

**ANSWER**: Defendant admits the ZemTV add-on was available for free to download at *www.tvaddons.ag* and *www.offshoregit.com*. Defendant denies the remaining allegations in Paragraph 13.

14. Lackman distributed the ZemTV add-on free of charge to his users of *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com*. Lackman derived revenues from at least the following: advertising, sales referrals for third party products and services, and donations. Lackman solicited and received donations through *www.streamingboxes.com* and third party services.

**ANSWER**: Defendant admits the ZemTV add-on was available for free to download at *www.tvaddons.ag* and *www.offshoregit.com*. Defendant denies the remaining allegations in Paragraph 14.

15. The ZemTV add-on hosted, distributed, and promoted by Lackman allowed users of *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com* to obtain immediate, free, and unauthorized access to the Protected Channels. Lackman was directly engaged in the selection of the content to which users would have access by selecting and making the ZemTV add-on available and encouraging Durrani to support it on *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com*.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 15, and therefore denies those allegations. Defendant denies the remaining allegations.

16. DISH sent numerous notices of infringement to Internet service providers associated with the ZemTV service requesting the removal of the Protected Channels. Upon information and belief, these notices of infringement were forwarded to Durrani. Even when Durrani's Internet service providers removed unauthorized content or terminated his accounts, Durrani intentionally interfered with DISH's takedown efforts by, for example, retransmitting the Protected Channels using different Internet service providers or the same service providers with different servers or different Uniform Resource Locators ("URLs"). DISH also sent a notice of infringement to Lackman requesting the removal of the ZemTV add-on from *www.tvaddons.ag* and *www.tvaddons.org*. Upon information and belief, this notice of infringement was also forwarded to Durrani.

**ANSWER**: Defendant admits receipt of a notice of infringement requesting the removal of the ZemTV add-on from *www.tvaddons.ag* and *www.tvaddons.org,* and forwarded the notice to Durrani. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore denies those allegations.

## CLAIMS FOR RELIEF

### COUNT I
### Direct Copyright Infringement Under 17 U.S.C. § 501
### Against Defendant Durrani

17. DISH repeats and realleges the allegations in paragraphs 1-16.

**ANSWER**: In response to the allegations in Paragraphs 1-16, Defendant incorporates herein his above responses.

18. Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies those allegations.

19. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in these programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored and first published. Because the programs that make up the Protected Channels are non-United States works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works. 17 U.S.C. §§ 101, 411.

**ANSWER**: Defendant admits registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies those allegations.

20. Durrani distributed and publicly performed the copyrighted programs that aired on the Protected Channels to users throughout the United States via the ZemTV service, in violation of DISH's exclusive rights under 17 U.S.C. § 106. DISH did not authorize Durrani to distribute or publicly perform these programs in any manner.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies those allegations.

21. Durrani directly infringed DISH's copyrights in violation of 17 U.S.C. § 501. Each infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies those allegations.

22. Durrani's acts were willful, malicious, intentional, purposeful, and in disregard of and with indifference to DISH's rights.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies those allegations.

23. Durrani's acts have caused substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law, warranting injunctive relief.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies those allegations.

**COUNT II**
**Contributory / Inducing Copyright Infringement Under 17 U.S.C. § 501**
**Against Defendant Lackman**

24. DISH repeats and realleges the allegations in paragraphs 1-16.

**ANSWER**: In response to the allegations in Paragraphs 1-16, Defendant incorporates herein his above responses.

25. Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies those allegations.

26. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in these programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored and first published. Because the programs that make up the Protected Channels are non-United States works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works. 17 U.S.C. §§ 101, 411.

**ANSWER**: Defendant admits registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies those allegations.

27. As stated above, Durrani infringed DISH's copyrights in programs that aired on the Protected Channels by acting as the source that retransmitted that programming to users of the ZemTV service.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies those allegations.

28. Lackman had actual or constructive knowledge of this infringing activity and materially contributed to that activity by providing the ZemTV add-on and related support forum, and by soliciting and accepting donations from ZemTV users. But for the availability and support of the ZemTV add-on at *www.tvaddons.ag*, *www.tvaddons.org*, and *www.offshoregit.com*, most if not all of Durrani's distribution and/or public performance would not have occurred. These acts facilitated access to the programs retransmitted without authorization on the ZemTV service.

**ANSWER**: Defendant denies the allegations in Paragraph 28.

29. Lackman also engaged in purposeful conduct that intentionally induced ZemTV users to display the programs, obtained without authorization, on the Protected Channels through the ZemTV service. Among other things, Lackman made the ZemTV add-on available for download on his websites with the object of promoting and encouraging its use to view copyrighted television programs, including programs that air on the Protected Channels. Lackman is also believed to have induced and encouraged Durrani to retransmit popular television programs, including those that air on the Protected Channels through the ZemTV service, thereby violating DISH's exclusive rights.

**ANSWER**: Defendant admits the ZemTV add-on was available for free to download at *www.tvaddons.ag* and *www.offshoregit.com*. Defendant denies the remaining allegations in Paragraph 29.

30. Lackman contributed to and induced infringement of DISH's copyrights in violation of 17 U.S.C. § 501. The infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

**ANSWER**: Defendant denies the allegations in Paragraph 30.

31. Lackman's acts were willful, malicious, intentional, purposeful, and in disregard of and with indifference to DISH's rights.

**ANSWER**: Defendant denies the allegations in Paragraph 31.

32. Lackman's acts have caused substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law, warranting injunctive relief.

**ANSWER**: Defendant denies the allegations in Paragraph 32.

**COUNT III**
**Vicarious Copyright Infringement Under 17 U.S.C. § 501**
**Against Defendant Lackman**

33. DISH repeats and realleges the allegations in paragraphs 1-16.

**ANSWER**: In response to the allegations in Paragraphs 1-16, Defendant incorporates herein his above responses.

34. Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies those allegations.

35. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in these programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored and first published. Because the programs that make up the Protected Channels are non-United States works, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works. 17 U.S.C. §§ 101, 411.

**ANSWER**: Defendant admits registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore denies those allegations.

36. As stated above, Durrani infringed DISH's copyrights in programs that aired on the Protected Channels by acting as the source that retransmitted that programming to users of the ZemTV service.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies those allegations.

37. Lackman had the legal right and actual ability to supervise and control this infringing activity because Lackman made the ZemTV add-on, which is necessary to access the ZemTV service, available for download on his websites. Lackman refused to take any action to stop the infringement of DISH's exclusive rights in the programs transmitted through the ZemTV service.

**ANSWER**: Defendant denies the allegations in Paragraph 37.

38. Lackman received a direct financial benefit from having copyrighted programs that air on the Protected Channels distributed and publicly performed on the ZemTV service. The availability of

this programming attracted and drew users to the ZemTV add-on, resulting in Lackman receiving donations, advertising income, and sales referrals for third party products and services.

**ANSWER**: Defendant denies the allegations in Paragraph 38.

39. Lackman vicariously infringed DISH's copyrights in violation of 17 U.S.C. § 501. The infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

**ANSWER**: Defendant denies the allegations in Paragraph 39.

40. Lackman's acts were willful, malicious, intentional, purposeful, and in disregard of and with indifference to DISH's rights.

**ANSWER**: Defendant denies the allegations in Paragraph 40.

41. Lackman's acts have caused substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law, warranting injunctive relief.

**ANSWER**: Defendant denies the allegations in Paragraph 41.

**PARAYER FOR RELIEF**

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief it seeks in its prayer for relief and request for judgment.

**AFFIRMATIVE DEFENSES**

Without undertaking or otherwise shifting any applicable burden of proof, Defendant Adam Lackman asserts the following defenses. Defendant reserves the right to supplement or amend this answer, including by asserting additional defenses, as warranted by facts revealed through investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim: Direct Infringement)

An allegation that Durrani merely provided the means to accomplish an infringing activity is insufficient to establish a claim for copyright infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005). "Because there can be no contributory[, vicarious] or inducement of infringement absent direct infringement,"Plaintiff has failed to state a claim against the Defendant. *Morales v. Square, Inc.*, 75 F. Supp. 3d 716, 720 (W.D. Tex. 2014).

**SECOND AFFIRMATIVE DEFENSE**
(Failure to State a Claim: Count II)

Count II of the Complaint fails to state a claim upon which relief can be granted. Contributory infringement and inducing infringement are two distinct causes of action and cannot be combined when pled. Federal Rule of Civil Procedure 10(b) requires separate counts for separate claims.

### THIRD AFFIRMATIVE DEFENSE
(Failure to State a Claim: Information & Belief)

Allegations premised on information and belief are insufficient as a matter of law. *See. e.g. Moody v. Aqua Leisure Intern*., 2011 U.S. Dist. LEXIS 70878 (S.D. Tex. June 30, 2011) (allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard).

### FOURTH AFFIRMATIVE DEFENSE
(No Infringement)

Defendant has not engaged in or contributed to any infringement of the copyrights alleged.

### FIFTH AFFIRMATIVE DEFENSE
(No Willful Infringement)

Defendant was not aware and had no reason to believe that any of his acts constituted an infringement of copyright. Any infringement by Defendant was innocent and not willful.

### SIXTH AFFIRMATIVE DEFENSE
(Lack of Volitional Act)

Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant. Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the damages sought by Plaintiff in this Complaint and each separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

### SEVENTH AFFIRMATIVE DEFENSE
(Statutory Damages Unavailable)

Plaintiff is not entitled to statutory damages, including attorney's fees and costs because registration is required for foreign works to gain the procedural benefits of a *prima facie* presumption

of the validity of a copyright, statutory damages, and attorney's fees under the Act, regardless of the work's place of origin. See 2 Nimmer on Copyright § 7.01[B], at 7-11–7-12; 17 U.S.C. § 410(c) (registration required for presumption of validity); 17 U.S.C. § 412 (registration required for award of statutory damages and attorney's fees).

Dated: May 17, 2018

Respectfully,

s/ Jason E. Sweet
BOOTH SWEET LLP
BBO# 668596
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

*Counsel for Defendant Lackman*
*Pro Hac Vice Appearance*

## CERTIFICATE OF SERVICE

This is to certify that on May 17, 2018, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

s/ Jason E. Sweet

10