# EXHIBIT 1

**BOOTH SWEET LLP**

32R Essex Street  Cambridge, MA 02139
T: 617.250.8602 | F: 617.250.8883 | www.boothsweet.com

June 21, 2018

**Via Email**

Stephen M. Ferguson
Hagan Noll & Boyle LLC
820 Gessner, Suite 940
Houston, TX 77024
stephen.ferguson@hnbllc.com

Re: *DISH Network L.L.C. v. Adam Lackman*, No. 4:17-cv-1618 (S.D. Tex.)

Stephen:

Mr. Lackman's supplemental responses are included below. The only changes are to Request for Production Nos. 20 & 59 and the RFAs as we discussed. Mr. Lackman also informed me that he has neither access to nor copies of any accounts (financial, email, etc) for *www.tvaddons.ag* and *www.offshoregit.com.* Anything and everything to do with the sites was seized by Bell Canada and remains in their possession.

**Lackman's Failure to Verify Interrogatory Responses**

To date, Lackman has not provided a verification for his responses to DISH's first and second sets of interrogatories. Please provide us with the verifications from Lackman for his responses to DISH's first and second sets of interrogatories as required by FRCP 33(b).

**Response:** Defendant will produce 28 U.S.C. § 1746 verifications for each set of interrogatories.
_____

**Lackman's Failure to Produce any Documents**

Lackman's response to most of DISH's document requests is that the documents are not in his possession, custody, or control (Requests 2-7, 9-10, 12-19, 21-58) and the accounts and documents were seized by Bell Canada (Requests 26, 32, 34, 36-37, 38, 40). For each request, Lackman must produce the requested documents or confirm that he has no documents and is unable to obtain the requested document. Please also provide a document acknowledging Lackman's consent to Bell Canada, or any trustee of the seized documents, providing DISH with copies of those documents for use in this action.

**Response:** Documents are deemed to be within the "possession, custody or control" of a responding party if that party either has "actual possession, custody or control" of the documents or if that party "has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action."

For each of the RFPDs above, Defendant has clearly stated that any responsive documents are not within his possession, custody or control. To the extent any responsive documents exist, they are in the possession of Bell Canada from whom the Defendant has no legal right to obtain the documents on demand from nor to write DISH a permission slip granting access to them in his stead.

1

Defendant stands on his original responses.

_____

**Discovery of Lackman's Profits**

DISH is entitled to recover Lackman's profits associated with his contributory and vicarious copyright infringement. *See* 17 U.S.C. 504(b) ("The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.") The ZemTV addon was available for download on Lackman's *www.tvaddons.ag* and *www.offshoregit.com* websites dating back to at least February 17, 2015. (*See* Exhibit 2.) DISH is entitled to discovery of Lackman's profits from *www.tvaddons.ag* and *www.offshoregit.com* during the time that the ZemTV addon was available, which was through June 4, 2017. (*See* Dkt. 28-3 at 93-95.) Lackman must supplement the following requests seeking discovery of Lackman's profits from February 17, 2015 through June 4, 2017:

**General response:** For the reasons stated in the motion for a more definite statement, DISH has only stated a claim for vicarious copyright infringement against the Defendant.

Vicarious infringement requires a direct financial interest for the defendant where the availability of infringing material acts as a draw for customers. Defendant's sites hosted roughly 1,800 non-infringing add-ons, in addition to ZemTV. DISH has not identified any infringing material on Defendant's sites—none of the Protected Channels or their content were ever hosted by the Defendant.

Nor has DISH identified any infringing acts by Durrani or the Defendant. Defendant did not market, advertise or otherwise promote the ZemTV add-on. The Defendant's websites were supported by donations from its users. However, it is impossible to attribute any of the donations as being made because of the inclusion of the ZemTV add-on on the Defendant's sites.

To the extent any responsive documents exist, they are not in the Defendant's possession, custody or control.

_____

**Interrogatory No. 1:** Identify the name, address and account number of each of your financial accounts, including but not limited to banks, PayPal, Amazon payments, Western Union, and cryptocurrency exchanges such as Coinbase, Kraken, and Gemini and any cryptocurrency wallets you possess or control.

**Lackman's Response:** Defendant objects on the grounds the Interrogatory seeks information that is irrelevant to whether the Defendant infringed the Plaintiff's copyrights, but rather whether the action is "worth" the Plaintiff's effort. Subject to and without waiving the foregoing objections, Defendant responds as follows:
a) PayPal: opensourcecom@protonmail.com
b) Personal Bank: Tangerine & Alterna Bank (never used)
c) Cryptocurrency Exchange: QuadrigaCX

**Supplement:** Lackman must supplement his response to identify the address and account number for each financial account.

**Lackman's Supplemental Response:** Defendant directs DISH to his response to Request for Production No. 59 below as sufficient evidence as to his financial status.

_____

**Interrogatory No. 2:** Identify each payment, donation, or other transfer of currency, cryptocurrency or thing of value made to you related to any of the Websites from January 2015 through June 2017. Your answer should identify the payor, payee, amount, account numbers, names, physical addresses, phone numbers, and e-mail addresses associated with each payment.

**Lackman's Response:** Defendant object to this interrogatory on the grounds it is made without limitation as to the relevant period of alleged infringement. Defendant further objects on the grounds it seeks information that is not relevant to the subject matter of this action.

**Supplement:** Lackman must supplement to provide all the requested information concerning each payment, donation, or other transfer of currency, cryptocurrency or thing of value made to Lackman related to *www.tvaddons.ag* and *www.offshoregit.com* from February 17, 2015 through June 4, 2017.

**Lackman's Supplemental Response:** Defendant stands on his original response. Further, Defendant states no such documents exist as it is impossible to attribute any of the donations as being made because of the inclusion of the ZemTV add-on on the Defendant's sites.

———————————————

**Request for Production No. 1:** Documents concerning your response to Interrogatories 1-4.

**Lackman's Response:** Defendant objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to his answers for Interrogatories 1-4.

**Supplement:** Lackman must supplement to provide documents sufficient to show the name, address, and account number for each of his financial accounts. Lackman must supplement to provide documents showing each payment, donation, or other transfer of currency, cryptocurrency or thing of value made to him related to *www.tvaddons.ag* and *www.offshoregit.com* from February 17, 2015 through June 4, 2017. Lackman must also supplement to provide documents sufficient to show the name, physical address, phone number, e-mail address, website and his account numbers for BalticServers.com, Server4You.com, CloudFlare, Uniregsitry, Click Performance Gorup, Sendgrid, Fastmail, and Videotron.

**Lackman's Supplemental Response:** Defendant stands on his original response. Further, where applicable, Defendant states no such documents exist as it is impossible to attribute any of the donations as being made because of the inclusion of the ZemTV add-on on the Defendant's sites.

To the extent any responsive documents exist for for BalticServers.com, Server4You.com, CloudFlare, Uniregsitry, Click Performance Gorup, Sendgrid, Fastmail, and Videotron, they are not in the Defendant's possession, custody or control.

———————————————

**Interrogatory No. 14:** Identify the marketing revenue and donations received concerning any of the Websites during each month that the ZemTV add-on was available for download.

**Lackman's Response:** Defendant objects to this Interrogatory insofar as it requests information from outside the period of alleged infringement. Defendant is unaware of when the ZemTV add-on was created or submitted for repository as any response information was seized by Bell Canada.

**Supplement:** Lackman must supplement to identify all marketing revenue and donations received concerning *www.tvaddons.ag* and *www.offshoregit.com* from February 17, 2015 through June 4, 2017.

**Lackman's Supplemental Response:** Defendant stands on his original response. Further, Defendant states no such documents exist as it is impossible to attribute any of the donations as being made because of the inclusion of the ZemTV add-on on the Defendant's sites. Defendant did not market, advertise or otherwise promote the ZemTV add-on. There was no monetization of the ZemTV add-on by the Defendant.

―――――――――――――――――――

**Request for Production No. 45:** Documents sufficient to identify your revenues, costs, and gross profits relating to the ZemTV Programming or ZemTV add-on.

**Lackman's Response:** Defendant refers Plaintiff to his answer for Request No. 23.

**Supplement:** Lackman must supplement to produce Documents sufficient to identify his revenues, costs, and gross profits relating to www.tvaddons.ag and www.offshoregit.com from February 17, 2015 through June 4, 2017.

**Lackman's Supplemental Response:** Defendant stands on his original response. Further, Defendant states no such documents exist as it is impossible to attribute any of the donations as being made because of the inclusion of the ZemTV add-on on the Defendant's sites. Defendant did not market, advertise or otherwise promote the ZemTV add-on. There was no monetization of the ZemTV add-on by the Defendant.

Defendant is unfamiliar with the term "ZemTV Programming" and unaware of any responsive documents to "ZemTV Programming".

―――――――――――――――――――

**Request for Production No. 59:** Your tax returns for 2014, 2015, 2016, and 2017

**Lackman's Response:** Defendant objects on the grounds it seeks information that is irrelevant to whether the Defendant infringed the Plaintiff's copyrights, but rather whether the action is "worth" the Plaintiff's effort.

**Supplement:** Lackman must supplement and produce his tax returns for 2015, 2016, and 2017. Defendants' tax returns are particularly relevant since Lackman has not produced and claimed other documents showing his profits from www.tvaddons.ag and www.offshoregit.com are not in his possession, custody, or control. (*See* Resps. to Request for Production Nos. 2, 45, 53, 54.)

**Lackman's Supplemental Response:** Defendant has attached his tax returns for 2015, 2016, and 2017. As shown, Defendant's taxable income decreased significantly during those three years:

```
2015:  $177,638.00 CAD  =  $133,475.10 US
2016:  $117,875.00 CAD  =   $88,494.74 US
2017:   $14,017.00 CAD  =   $10,534.70 US
```

Defendant also directs DISH to a recent article further highlighting his financial status: https://torrentfreak.com/tvaddons-telco-bailiffs-enter-operators-home-over-unpaid-attorneys-fees-180614/

―――――――――――――――――――――――――――――――――――――――――

**Discovery Concerning Durrani, ZemTV, and the Protected Channels**
DISH is entitled to discover all information, communications, and documents concerning Durrani, ZemTV, and the Protected Channels. Lackman admits that Durrani was the developer of ZemTV. (ROG Resp. 11.) Lackman claims that he forwarded DISH's takedown notice to Durrani who within minutes advised that he had pushed an add-on update to ensure that the Protected Channels would be

4

filtered and removed immediately from existing users. (ROG Resp. 18.) Lackman must supplement the following requests seeking discovery of information, communications, and documents concerning Durrani, ZemTV, and the Protected Channels:

**Interrogatory No. 11:** Identify each person or entity involved in the creation, development, update, ownership, promotion, or distribution of the web pages and support forums for the ZemTV Addon, including the name, website, and last known street address, email address, and telephone number, and a description of their involvement.

**Lackman's Response:** The only developer of ZemTV the Defendant is aware of is Shahjahan Durrani.

**Supplement:** Lackman must supplement his response to identify any known website, last known street address, email address, and telephone number of Durrani, and a description of Durrani's involvement in the creation, development, update, ownership, promotion, or distribution of the web pages and support forums for the ZemTV Addon. Lackman must aslo supplement his response to identify his and his staff's involvement in the creation, development, update, ownership, promotion, or distribution of the web pages and support forums for the ZemTV Addon.

**Lackman's Supplemental Response:** Defendant had nothing to do with the creation, development, update, ownership, promotion, or distribution of the web pages and support forums for the ZemTV add-on. Durrani used the same platform available to all developers who posted their add-ons on the sites.

The sites employed no staff. To the extent volunteers were included in the administration of the sites, Defendant is unaware of any assisting with the creation, development, update, ownership, promotion, or distribution of the web pages and support forums for the ZemTV add-on.

The only contact information for Durrani the Defendant has is: ShahjahanDurrani@hotmail.com

_____

**Request for Production No. 8:** Documents sufficient to identify each person or entity in the United States that you communicated with concerning the ZemTV add-on, including via any means such email, instant messenger, WhatsApp, or internet forum, and each person or entity's last known physical address, IP address, and telephone number.

**Lackman's Response:** Defendant objects on the grounds that Plaintiff is improperly using the discovery process to determine if jurisdiction over the Defendant exists. Defendant further objects to this Request to the extent that it is overly broad and unduly burdensome as it seeks documents created outside of the period of alleged infringement. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant never communicated with anyone regarding ZemTV, not even the developer. Nor did the Defendant have any part in the development of the ZemTV add-on.

**Supplement:** Lackman must supplement his response concerning communications with the ZemTV developer to be consistent with his responses to Interrogatories 11 and 18.

**Lackman's Supplemental Response:** Defendant stands on his original response. Defendant further qualifies it by stating: Defendant never communicated with anyone in the United States regarding ZemTV. Defendant knows of no documents to exist responsive to this request.

_____

**Request for Production No. 21:** Cease and desist letters, infringement notifications, and other documents requesting that you stop distributing the ZemTV Programming or ZemTV add-on, including subsequent communications between you and any person pertaining to that correspondence, notice, or request.

**Lackman's Response:** Defendant refers Plaintiff to his answer for Request No. 20. Defendant further states he does not recall discussing the Plaintiff's take down demand with any third party other than Shahjahan Durrani. Subject to and without waiving the foregoing objection, Defendant will provide responsive, non-privileged documents in his possession, custody or control if that changes.

**Supplement:** Lackman must supplement his response to produce all communications between him and Durrani or any other person pertaining to DISH's cease and desist letter and any other cease and desist letter that Lackman received concerning the Zem TV addon or Protected Channels. Lackman must also supplement his response to produce copies of all cease and desist letters that he received concerning the ZemTV addon or Protected Channels.

**Lackman's Supplemental Response:** Defendant stands on his original response.

_____

**Request for Production No. 22:** All documents concerning the promotion or advertisement for the ZemTV Programming or ZemTV add-on that was made by you, by someone acting on your behalf, or which you paid for either in whole or in part, including but not limited to social media posts, blogs, and website comments.

**Lackman's Response:** Defendant states any blog posts were deleted prior to this suit and in compliance with the takedown request sent by the Plaintiff. Defendant further states to the best of his recollection the ZemTV add-on was never mentioned on social media. Subject too and without waiving the foregoing objections, Defendant will provide responsive, non privileged documents in his possession, custody or control if that changes.

**Supplement:** Defendant must supplement his response to produce all documents concerning the promotion or advertisement for the ZemTV addon or Protected Channels.

**Lackman's Supplemental Response:** Defendant stands on his original response.

_____

**Request for Production No. 27:** All documents that reference the ZemTV Programming or ZemTV add-on, and also reference one or more Protected Channels.

**Lackman's Response:** Defendant refers Plaintiff to his answer to Request No. 23.

**Supplement:** Defendant must supplement his response to produce all documents that reference the ZemTV addon or Protected Channels.

**Lackman's Supplemental Response:** Defendant stands on his original response.

_____

**Request for Production No. 28:** All documents that reference any service or add-on developed or distributed by you or your websites, and also reference one or more Protected Channels.

**Lackman's Response:** Defendant refers Plaintiff to his answer to Request No. 23.

**Supplement:** Defendant must supplement his response to produce all documents that reference any TV add-ons service or addon and one or more Protected Channels.

**Lackman's Supplemental Response:** Defendant stands on his original response.

_____

**Request for Production No. 48:** All documents, including emails or posts, that you exchanged with Shahjahan Durrani concerning the ZemTV Programming, ZemTV add-on, or one or more Protected Channels.

**Lackman's Response:** Defendant refers Plaintiff to his answer to Request No. 23.

**Supplement:** Defendant must supplement his response to produce all emails or posts that he exchanged with Durrani concerning the ZemTV addon or Protected Channels.

**Lackman's Supplemental Response:** Defendant stands on his original response.

_____

**Request for Production No. 58:** All documents, including emails, that you exchanged with each supplier or source from whom you acquired each version of the ZemTV add-on.

**Lackman's Response:** Defendant refers Plaintiff to his answer to Request No. 23.

**Supplement:** Defendant must supplement his response to produce all documents and emails that he exchanged with Durrani.

**Lackman's Supplemental Response:** Defendant stands on his original response.

_____

**Discovery of All Cease and Desist Correspondence and Related Communications**

DISH is entitled to discovery of all cease and desist correspondence and related communications received by Lackman from February 17, 2015 through the present. Lackman claims he is unaware of copyright infringement resulting from his websites, that he expeditiously acts to remove alleged infringing add-ons, and that he bans developers of infringing add-ons. Lackman has not produced a single document in this case supporting any of his conclusory claims. DISH is therefore entitled to copies of all cease and desist correspondence received by Lackman, documents showing actions taken in response to same, and all communications concerning same including communications with the developers.

**Request for Production No. 20:** Cease and desist correspondence, notifications of claimed infringement, and other requests that you or your service providers stop transmitting a channel or program, including subsequent communications between you and any person pertaining to that correspondence, notice, or request.

**Lackman's Response:** Defendant objects to this Request to the extent that it is overly broad and unduly burdensome insofar that it requests documents created outside the period of alleged infringement. Defendant further objects on the grounds it seeks information that is irrelevant to whether the Defendant infringed the Plaintiff's copyrights. Subject to and without waiving the foregoing objections, Defendant states the only cease and desist correspondence he recalls receiving was the one sent by the Plaintiff.

**Supplement:** Lackman must supplement his response and produce copies of all cease and desist correspondence received by Lackman or his service providers, documents showing actions taken in