UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., § § | |
| Plaintiff, § | Civil Action No. 4:17-cv-01618 |
| § § | |
| v. § | |
| § | |
| SHAHJAHAN DURRANI, d/b/a ZemTV, § and ADAM LACKMAN, d/b/a § www.tvaddons.ag, www.tvaddons.org, § www.streamingboxes.com, and § www.offshoregit.com § § § | |
| Defendants. § | |

**Final Judgment and Permanent Injunction**

This matter came before the Court on the Motion for Default Judgment filed by Plaintiff DISH Network L.L.C. ("Plaintiff") against Defendant Shahjahan Durrani ("Defendant"). Having considered the submissions in support of Plaintiff's Motion, and the pleadings on file, the Court **GRANTS** the Motion and finds:

Plaintiff owns copyrights in the works that air on its channels which include Aaj Tak, Aastha Bhajan, Aastha TV, ARY Digital, ARY News, B4U Movies, B4U Music, Dunya TV, Express Entertainment, Express News, Geo News, Geo TV, Hum Masala, Hum Sitaray, Hum TV, India Today (Headlines Today), Movies OK, Sahara One, Sahara Samay, Times Now, and Zoom (collectively, the "Protected Channels").

Defendant created the ZemTV add-on for the Kodi media player and managed and operated the ZemTV service.[1] Defendant selected and located the Protected Channels that were, without

---

[1] The ZemTV add-on for the Kodi media player and ZemTV service are collectively referred to as "ZemTV."

authorization, continuously captured and retransmitted over the Internet to users of ZemTV in the United States. Defendant developed ZemTV and then distributed and supported it through the Tvaddons.ag and Offshoregit.com websites (collectively "Tvaddons"), resulting in his unauthorized retransmission of the Protected Channels and causing injury to Plaintiff throughout the United States. Therefore, Defendant is liable for direct copyright infringement.

Defendant engaged in these illegal activities for more than 16 months, despite having received Plaintiff's notices of infringement from his service providers and Tvaddons. These notices of infringement informed Defendant of the infringing nature of his conduct and demanded that the Protected Channels be removed from ZemTV. Defendant continued to retransmit the Protected Channels resulting in willful copyright infringement.

Defendant initially retained counsel and appeared in this action filing a motion to dismiss alleging that the Court did not have personal jurisdiction. The Court denied Defendant's motion to dismiss on April 19, 2018. (Dkt. 29.) The Court entered default against Defendant on May 23, 2018. (Dkt. 36.) Counsel's motion to withdraw was granted on May 30, 2018. (Dkt. 38.) Default judgment is now appropriate. Judgment is hereby directed to be entered against Defendant on Count I of Plaintiff's complaint for direct copyright infringement.

Based on these findings, the Court hereby **ORDERS** that:

1. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the Copyright Act, 17 U.S.C. § 101 *et seq.*

2. The Court has personal jurisdiction over Defendant in accordance with Rule 4(k)(2) of the Federal Rules of Civil Procedure because, despite residing in the United Kingdom, Defendant marketed, made available, and distributed ZemTV to consumers throughout the United States, resulting in the unauthorized retransmission of television channels exclusively licensed to Plaintiff and causing injury to Plaintiff throughout the United States. The Court's exercise of

jurisdiction over Defendant is consistent with the Constitution and laws of the United States, Plaintiff's claims arise under federal law, and Defendant is not subject to the jurisdiction of the courts of general jurisdiction of any state.

3. Plaintiff DISH Network L.L.C. shall have judgment against Defendant in the total amount of $1,950,000, with interest on this principal amount according to the statutory rate pursuant to 28 U.S.C. § 1961(a). The amount consisting of $150,000 for each of its thirteen registered, copyrighted works that Defendant willfully infringed by retransmitting these copyrighted works without authorization on ZemTV;

4. Defendant and any of his officers, agents, servants, employees, attorneys, or other persons, including all persons and websites distributing ZemTV or similar add-ons or services, acting in active concert or participation with any of the foregoing that receives actual notice of the order, are permanently enjoined from:

    a. copying by means of any device or process the Protected Channels or any of the programming that comprises the Protected Channels;

    b. retransmitting, streaming, distributing, or publicly performing in the United States, by means of ZemTV or similar add-ons or services, or any other device or process, the Protected Channels or the programming that comprises the Protected Channels;

    c. distributing, providing, or promoting any product or service, including ZemTV or similar add-ons or services, that comprises the whole or part of a network or service for the distribution and public performance of the Protected Channels or the programming that comprises the Protected Channels;

    d. advertising, displaying, or marketing ZemTV or similar add-ons or services in connection with the Protected Channels or the programming that comprises the Protected Channels; and

e.  otherwise infringing Plaintiff's rights in the Protected Channels, either directly, contributorily, vicariously, or in any other manner.

5.  Third parties providing any form of electronic storage, computer server, website hosting, file hosting (including data center and colocation, primary and backup storage, back-end), domain hosting, domain name registration, privacy protection for domain registration, anonymization for domain registration, proxy, content delivery network services, content acceleration (including traffic routing, bandwidth, content delivery networks, web content optimization, website/data security), advertising (including search based online advertising), and social media services used in connection with any of the activities enjoined under Paragraph 2, and who receive actual notice of this Order, are enjoined from providing such services in connection with any of the activities enjoined under Paragraph 2.

6.  Violation of this Order shall subject Defendant and all other persons bound by this Order to all applicable penalties, including contempt of Court.

7.  The Court shall retain jurisdiction over this action for two years for the purpose of enforcing this final judgment and permanent injunction.

**It is so ORDERED.**

**SIGNED** on this the ___ day of _____, 2018, at Houston, Texas.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**